IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DANIELLE GEOFFRION and | § | |
| DARREN KASMIR | § | CASE NO. 4:14-cv-350-ALM |
| | § | |
| v. | § | JURY TRIAL DEMANDED |
| | § | |
| NATIONSTAR MORTGAGE LLC | § | |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY
<u>JUDGMENT AND BRIEF IN SUPPORT</u>**

TO THE HONORABLE AMOS L. MAZZANT:

 COME NOW Danielle Geoffrion and Darren Kasmir ("Plaintiffs"), and file this *Response
in Opposition to Defendant's Motion for Summary Judgment and Brief in Support*.

    Respectfully Submitted,

    **HUGHES ELLZEY, LLP**


    <u>  */s/ W. Craft Hughes*  </u>
    W. Craft Hughes
    Texas Bar No. 24046123
    <u>craft@hughesellzey.com</u>
    Jarrett L. Ellzey
    Texas Bar No. 24040864
    <u>jarrett@hughesellzey.com</u>
    2700 Post Oak Blvd., Suite 1120
    Houston, TX 77056
    Phone (713) 554-2377
    Facsimile (888) 995-3335

    **ATTORNEYS FOR PLAINTIFFS**

## TABLE OF CONTENTS

I.    INTRODUCTION & SUMMARY OF RESPONSE ............................................................ 1

II.    OBJECTIONS TO DEFENDANT'S "UNDISPUTED" FACTS ........................................ 1

III.    STATEMENT OF FACTS ............................................................................................. 6

    A.    Plaintiffs' Most Recent Payment on the Mortgage .................................................... 7

    B.    Total Amount Owed on Plaintiffs' Mortgage ............................................................ 7

    C.    Plaintiffs' Request(s) for an Accounting and Nationstar's Refusal to Accept Payments from Plaintiffs ................................................................................. 8

    D.    Nationstar's Policy Regarding "Qualified Written Requests" ................................. 9

    E.    Defense Counsel's Agreements .............................................................................. 10

IV.    ARGUMENT & AUTHORITIES ................................................................................. 10

    A.    Summary Judgment Standard .................................................................................. 10

    B.    Plaintiffs' RESPA Claim ........................................................................................ 11

    C.    Plaintiffs' Breach of Contract Claim ...................................................................... 11

    D.    Plaintiffs' Request for an Accounting ..................................................................... 12

V.    CONCLUSION & PRAYER ....................................................................................... 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Celotex Corp. v. Catrett,*
    477 U.S. 317 (1986) ........................................................................................................... 10, 11

*Cooper Tire & Rubber Co. v. Farese*,
    423 F.3d 446 (5th Cir. 2005) ................................................................................................. 10

*Gasmark Ltd. Liquidating Trust v. Louis Dreyfus Natural Gas Corp.*,
    158 F.3d 312 (5th Cir. 1998) ................................................................................................. 11

*Johnson v. Henderson*,
    2001 WL 1112116 (N.D. Cal. Sept. 14, 2001),
    *aff'd*, 314 F.3d 409 (9th Cir. 2002) ....................................................................................... 11

*Sandoz v. Fred Wilson Drilling Co.*,
    695 F.2d 833 (5th Cir. 1983) ................................................................................................. 11

## TABLE OF AUTHORITIES
### (continued)

**Page(s)**

**Rules**

FED. R. CIV. P. 56 ........................................................................................................................ 10

**Appendix**

Ex. 1 Deposition Excerpts of Fay Janati ............................................................................. passim

Ex. 2 Six Letters Received by Nationstar (Depo. Ex. 12) ........................................................ 2, 8

## I.    INTRODUCTION & SUMMARY OF RESPONSE

This matter should have been resolved over a year ago before the lawsuit was even filed. It's very straightforward: Plaintiffs need to know the amount they owe on their mortgage. Plaintiffs were forced to file this lawsuit because Nationstar (1) refused to accept Plaintiffs' mortgage payment and simultaneously threatened Plaintiffs with foreclosure for non-payment, (2) Nationstar refused to provide Plaintiffs with the amount owed on their mortgage, and (3) Nationstar refused to provide an accounting of payments despite six written requests and numerous phone calls.

*After* this lawsuit was filed, Nationstar and its counsel have continued their refusal to provide Plaintiffs with the requested information. They produced a "corporate representative" for deposition with absolutely no personal knowledge about the Plaintiffs' mortgage loan, they agreed to send Plaintiffs' counsel the requested information but never actually sent it, which further prevents Plaintiffs from knowing the correct amount to pay on their mortgage.

## II.    OBJECTIONS TO DEFENDANT'S "UNDISPUTED" FACTS

Plaintiffs object to Nationstar's "Statement of Undisputed Material Facts" comprising almost 1/3 of its entire motion.[1] Several of Nationstar's statements and representations are not only disputed, they are false and misleading.  For example, the left column in the chart below lists statements made by Nationstar in its motion for summary judgment, and the right column lists the sworn deposition testimony of Nationstar's corporate representative Fay Janati:

---

[1] Def. Mot. at pp. 3-6.

| NATIONSTAR'S STATEMENTS MADE IN ITS MOTION | DEPOSITION TESTIMONY OF NATIONSTAR'S CORP. REP. |
|---|---|
| <u>Def. Mot. at p. 2</u>: "Plaintiffs are not entitled to an accounting because their loan account was not so complex plaintiffs could not have resolved their mistaken belief through evidence obtained in the discovery process." | <u>Janati Dep. 100:6-10</u>.<br>Q. (BY MR. HUGHES) Do you believe our clients are entitled to receive an accounting on their mortgage account?<br>**A. Yes.** |
| <u>Def. Mot. at p. 3</u>: "Plaintiffs then failed to make their regular monthly payments in…January 2013." | <u>Janati Dep. 21:10-12</u>.<br>Q. And when's the last date our client made a payment on their account?<br>**A. January of 2013.** |
| <u>Def. Mot. at p. 4</u>: "Plaintiffs allegedly sent communications to Nationstar…in connection with their dispute of the loan balance.  To the extent these communications were sent at all,…" (footnote 21 "The record is currently devoid of evidence showing plaintiffs sent each of these communications to Nationstar.")<br><br><u>Def. Mot. at pp. 9-10</u>: "Additionally, the record is devoid of evidence showing plaintiffs sent the remaining letters…to Nationstar at its designated address. Absent evidence Nationstar received the latter, plaintiffs are unable to recover against Nationstar." | <u>Janati Dep. 121:2-16</u>.<br>(Discussion held off the record.)<br>MR. HUGHES: I've conferred with defense counsel, and we've agreed that **Deposition Exhibit Number 12 is a compilation of six letters that we're agreeing to stipulate Nationstar did receive from our clients**; is that fair?<br>MR. RAGAN: Clients or attorneys.<br>MR. HUGHES: Right. Clients or attorneys.<br>MR. RAGAN: Same difference.<br>MR. HUGHES: Or representatives. Is that fair?<br>MR. RAGAN: That's fair.<br>MR. HUGHES: And I'm going to attach these six letters as Deposition Exhibit 12. (Exhibit 12 marked.) |

| NATIONSTAR'S STATEMENTS MADE IN ITS MOTION | DEPOSITION TESTIMONY OF NATIONSTAR'S CORP. REP. |
|---|---|
| Def. Mot. at p. 9:<br><br>"Nationstar is entitled to summary judgment under the undisputed facts because…[the] letters do not qualify as QWRs.,…"<br><br>Def. Mot. at p. 10:<br><br>"Each of the [Plaintiffs] communications allegedly sent to Nationstar fails to qualify as a QWR requiring a response from Nationstar in whole or in part." | Janati Dep. 77:7-17.<br><br>Q. (BY MR. HUGHES) Do you know whether or not the January 3, 2014, letter from Ms. Fendia would be considered a qualified written request?<br><br>**A. I don't know.**<br><br>Q. Do you know if the February 11, 2014, letter would be considered a qualified written request?<br><br>**A. I don't know.**<br><br>Q. And you don't know anyone at Nationstar who would be able to determine whether or not these are qualified written requests?<br><br>**A. I don't -- I cannot give you a name…**<br><br>Janati Dep. 65:10-17.<br><br>"When Nationstar received this letter [December 16, 2013], was that considered based on Nationstar's policies a QWR?<br><br>**A. I don't know.**<br><br>Janati Dep. 74:6-11.<br><br>Q. And it's your testimony today, as the corporate representative for Nationstar, that you have no idea whether or not this December 16th letter is a qualified written request?<br><br>**A. I have no idea if this qualifies as a quality written request.** |

| NATIONSTAR'S STATEMENTS MADE IN ITS MOTION | DEPOSITION TESTIMONY OF NATIONSTAR'S CORP. REP. |
|---|---|
| Def. Mot. at pp. 1-2:<br><br>"…the undisputed facts show they [Plaintiffs] failed to perform or tender performance on the loan…"<br><br>Def. Mot. at p. 11:<br><br>"Additionally, plaintiffs failed to make numerous payments after the service transfer [on July 1, 2013],…"<br><br>Def. Mot. at p. 13:<br><br>"Plaintiffs did not cure their default or otherwise tender the past-due balance of the Loan in an attempt to cure their default." | Janati Dep. 49:24-50:3.<br><br>Q. Back in November of 2013 they [Plaintiffs] were not allowed to make a partial payment on their account?<br><br>**A. No.**<br><br>Q. That's correct?<br><br>**A. Yes, you are correct.**<br><br>Janati Dep. 47:4-12.<br><br>Q. (BY MR. HUGHES) After our clients' money was returned for that last payment in October by Bank of America, we're saying they turned around and sent that money, the $6,097.24, we're saying that they sent that money to Nationstar, but Nationstar rejected it and sent it back again to our clients; is that correct?<br><br>**A. Okay.**<br><br>Q. Is that right?<br><br>**A. It appears to be right.** |

| NATIONSTAR'S STATEMENTS MADE IN ITS MOTION | DEPOSITION TESTIMONY OF NATIONSTAR'S CORP. REP. |
|---|---|
| <u>Def. Mot. at p. 5</u>:<br><br>"They [Plaintiffs] did not include a statement of the reasons for the belief of plaintiffs that the account was in error or provide sufficient detail to Nationstar regarding other information sought by the plaintiffs [in the letters]." | <u>Janati Dep. Exhibit 12 (written letter from Plaintiffs' counsel to Nationstar dated January 3, 2014)</u>.<br><br>    "This is to request that you provide full and detailed information as set out below.<br><br>    1. Please provide a full and detailed accounting of all payments made to you and Bank of America from the beginning of the loan to the present date. The accounting must reflect the first date and each subsequent date you claim this loan went into/was in delinquent status.<br><br>    2. Ms. Geoffrion [Plaintiff] made the following payments that are not reflected in your accounting:<br><br>09/11/2012 $3048.62<br>10/10/2012 $3048.62<br>12/07/2012 $3048.62<br>12/31/2012 $3048.62<br>03/06/2013 $3048.62<br>04/23/2013 $3048.62<br>05/28/2013 $6097.24<br><br>Your office has told Ms. Geoffrion that those payments went into suspense. Accordingly we do not believe that the payments are reflected in the balance you claim is due at this time. Please provide a full accounting of these amounts and an explanation for the statement that they are being held in suspension.<br><br>    3. Your transaction report reflects a "suspense adjustment" on 07/05/2013 in the amount of$3755.10. What is this??<br><br>    4. Your transaction report reflects a number of late payment charges during times when payments were being made to Bank of America. What is your explanation for these charges?"<br><br>**    * [and the list goes on through No. 11] ***|

| NATIONSTAR'S STATEMENTS MADE IN ITS MOTION | DEPOSITION TESTIMONY OF NATIONSTAR'S CORP. REP. |
|---|---|
| Def. Mot. at p. 5: "They [Plaintiffs] did not include a statement of the reasons for the belief of plaintiffs that the account was in error or provide sufficient detail to Nationstar regarding other information sought by the plaintiffs [in the letters]." | Janati Dep. 59:8-12 (discussing Exhibit 12, written letter from Plaintiffs' counsel to Nationstar dated January 3, 2014 with 11 specific requests). Q. Have you seen a January 3rd letter that Sara Fendia sent, January -- **A. Yes, sir, I have seen this.** Q. And it's dated January 3rd of 2014. **A. January 3, 2014, yes, sir, I have seen this.** |

## III.     STATEMENT OF FACTS

Nationstar Mortgage LLC ("Defendant" or "Nationstar") is the servicer of Plaintiffs' mortgage.[2] Fay Janati ("Janati") is Nationstar's designated corporate representative.[3] On April 23, 2015, Janati appeared for deposition on behalf of Nationstar as its corporate representative.[4] Janati has given her deposition over one-hundred times[5] and she's been employed by Nationstar for over sixteen years.[6] Janati answered "I don't know" one-hundred and sixteen (116) times during her deposition.[7] Despite admitting she's never seen the original deed of trust,[8] Janati swore a "true and accurate copy" was attached to her deposition (Depo. Ex. 14).[9] Janati also agreed the Plaintiffs' Note requires Nationstar to apply each monthly payment to interest before principal.[10] But Janati

---

[2] Appendix, Ex. 1 (Janati Dep. 86:9-11, April 23, 2015).
[3] Appendix, Ex. 1 (Janati Dep. 6:8-9; 7:22-24, April 23, 2015).
[4] Appendix, Ex. 1 (Janati Dep. 10:3-12, April 23, 2015).
[5] Appendix, Ex. 1 (Janati Dep. 12:22-25, April 23, 2015).
[6] Appendix, Ex. 1 (Janati Dep. 7:3-4; 11:23-25, April 23, 2015).
[7] Appendix, Ex. 1 (Janati Deposition Excerpts, April 23, 2015). The entire deposition transcript is not attached to this response.
[8] Appendix, Ex. 1 (Janati Dep. 134:8-10; 151:2-4, April 23, 2015).
[9] Appendix, Ex. 1 (Janati Dep. 153:1-7, April 23, 2015); *see also* Def. Mot., Ex. A-2 (Deed of Trust).
[10] Appendix, Ex. 1 (Janati Dep. 109:17-25, April 23, 2015); *see also* Def. Mot., Ex. A-1 (Note).

could not explain why Nationstar applied all of Plaintiffs' payment to principal on July 22, 2013, and didn't apply anything to interest as required by the Note.[11]

## A.    PLAINTIFFS' MOST RECENT PAYMENT ON THE MORTGAGE

Janati's deposition testimony about the date when Nationstar received Plaintiffs' last mortgage payment was conflicting, confusing, and inconsistent.  Janati testified the Plaintiffs made their last payment in January of 2013.[12] Shortly thereafter, she changed her testimony and said the last payment was actually on May 28, 2013.[13] Next, Janati testified the Plaintiffs last payment was in July of 2013,[14] then changed her testimony again to say Plaintiffs made a payment on October 22, 2013.[15] Janati doesn't know how much money Plaintiffs have paid to Nationstar.[16]

## B.    TOTAL AMOUNT OWED ON PLAINTIFFS' MORTGAGE

During her deposition, Janati did not know the total amount Plaintiffs owe on their mortgage loan account.[17] When asked for the total amount Plaintiffs owed in November of 2013, Janati answered "I don't know."[18] When asked how many payments Nationstar received from Bank of America (former servicer of Plaintiffs' mortgage), Janati answered "I don't know. I don't know."[19] She said there is no record of Plaintiffs $6,097.24 payment to Bank of America being credited to their Nationstar account.[20]   In fact, Janati admitted Nationstar rejected Plaintiffs' payment of $6,097.24 in October of 2013.[21]

---

[11] Appendix, Ex. 1 (Janati Dep. 110:4-15; 111:11-14, April 23, 2015).
[12] Appendix, Ex. 1 (Janati Dep. 17:20-23; 21:10-12, April 23, 2015).
[13] Appendix, Ex. 1 (Janati Dep. 26:5-8, April 23, 2015).
[14] Appendix, Ex. 1 (Janati Dep. 40:17-24, April 23, 2015).
[15] Appendix, Ex. 1 (Janati Dep. 40:14-16, April 23, 2015).
[16] Appendix, Ex. 1 (Janati Dep. 36:23-25, April 23, 2015).
[17] Appendix, Ex. 1 (Janati Dep. 14:8-10; 15:11-15, April 23, 2015).
[18] Appendix, Ex. 1 (Janati Dep. 50:16-18; 55:13-22, April 23, 2015).
[19] Appendix, Ex. 1 (Janati Dep. 22:16-18, April 23, 2015).
[20] Appendix, Ex. 1 (Janati Dep. 41:23-42:3, April 23, 2015).
[21] Appendix, Ex. 1 (Janati Dep. 47:4-12, April 23, 2015).

C.    PLAINTIFFS' REQUEST(S) FOR AN ACCOUNTING AND NATIONSTAR'S REFUSAL TO
      ACCEPT PAYMENTS FROM PLAINTIFFS

Janati and Nationstar believe Plaintiffs are entitled to an accounting of their mortgage payment history.[22] In its motion, Nationstar claims it's entitled to summary judgment because "Plaintiffs did not cure their default or otherwise tender the past-due balance of the Loan in an attempt to cure their default."[23] But Nationstar rejected Plaintiffs' payment of $6,097.24 in October of 2013.[24]

Janati is aware of Plaintiffs' claim that Nationstar did not respond to Plaintiffs' letters, but she doesn't know if Nationstar ever responded (this lawsuit was filed over a year before Janati's deposition, and the letters at issue were sent almost 16 months ago).[25] Plaintiffs' counsel sent a detailed letter dated January 3, 2014 specifically requesting an accounting of all payments Nationstar received from Plaintiffs.[26] Janati knows the letter is Plaintiffs' request for an accounting of their mortgage payments[27] because she's read the letter.[28] However, Janati doesn't know if Nationstar responded to the January 3rd letter[29] or the other five letters defense counsel admitted Nationstar received.[30]

Janati also doesn't know if Nationstar ever received Plaintiffs' letters in November of 2013, sarcastically responding that the "mail goes to the mail room."[31] Janati doesn't know if Nationstar received three other letters, and she doesn't know who to contact at Nationstar to find out whether

---

[22] Appendix, Ex. 1 (Janati Dep. 100:6-10, April 23, 2015).
[23] Def. Mot., p. 13.
[24] Appendix, Ex. 1 (Janati Dep. 47:4-12, April 23, 2015).
[25] Appendix, Ex. 1 (Janati Dep. 99:10-14, April 23, 2015).
[26] Appendix, Ex. 2 (Janati Dep. Exhibit 12).
[27] Appendix, Ex. 1 (Janati Dep. 60:17-20, April 23, 2015).
[28] Appendix, Ex. 1 (Janati Dep. 59:8-12, April 23, 2015).
[29] Appendix, Ex. 1 (Janati Dep. 62:7-17; 99:2-4; 102:4-11, April 23, 2015).
[30] Appendix, Ex. 1 (Janati Dep. 121:3-16, April 23, 2015); *see also* Ex. 2 (six letters received by Nationstar).
[31] Appendix, Ex. 1 (Janati Dep. 90:1-7, April 23, 2015).

the letters were received.[32] Nationstar maintains a "collection history profile" on Plaintiffs' account, but Janati doesn't know if it shows receipt of the letters.[33]

### D.   NATIONSTAR'S POLICY REGARDING "QUALIFIED WRITTEN REQUESTS"

Nationstar is required to follow the law and comply with the REAL ESTATE SETTLEMENT PROCEDURES ACT ("RESPA") for each and every mortgage loan they service.[34] Plaintiffs' allege Nationstar violated RESPA by not responding to a "qualified written request" (QWR) and Janati understands the allegation.[35] Nationstar has a policy for responding to homeowner's requests for an accounting.[36] Nationstar also has a policy that determines whether a borrower's letter requesting payment information is considered a QWR.[37] The written policy existed in December of 2013,[38] and its currently being used by Nationstar.[39] Janati knows RESPA requires Nationstar to respond to QWRs, and further admits Nationstar has a written policy governing QWR responses.[40] However, Nationstar refuses to produce a copy of the policy despite Plaintiffs' proper written requests.[41]

But Janati doesn't know whether the Plaintiffs' letter dated December 16, 2013 is a QWR ("I have no idea if this qualifies as a quality [qualified] written request").[42] Janati doesn't know whether Plaintiffs' letters dated January 3, 2014 and February 11, 2014 are QWRs either.[43]

---

[32] Appendix, Ex. 1 (Janati Dep. 113:9-17, April 23, 2015).
[33] Appendix, Ex. 1 (Janati Dep. 118:3-7, April 23, 2015).
[34] Appendix, Ex. 1 (Janati Dep. 133:24-134:2, April 23, 2015).
[35] Appendix, Ex. 1 (Janati Dep. 67:9-11, April 23, 2015).
[36] Appendix, Ex. 1 (Janati Dep. 63:9-12; 68:11-23, April 23, 2015).
[37] Appendix, Ex. 1 (Janati Dep. 64:6-10, 20-23, April 23, 2015).
[38] Appendix, Ex. 1 (Janati Dep. 75:22-25, April 23, 2015).
[39] Appendix, Ex. 1 (Janati Dep. 76:11-14, April 23, 2015).
[40] Appendix, Ex. 1 (Janati Dep. 71:4-15, April 23, 2015).
[41] Appendix, Ex. 1 (Janati Dep. 66:2-5; 66:17-67:3; 68:11-23, April 23, 2015).
[42] Appendix, Ex. 1 (Janati Dep. 65:10-17; 73:7-15; 74:6-11, April 23, 2015).
[43] Appendix, Ex. 1 (Janati Dep. 77:7-13, April 23, 2015).

E.    **DEFENSE COUNSEL'S AGREEMENTS**

Defense counsel agreed to send Plaintiffs an updated quote for the total amount owed on the mortgage during Janati's deposition.[44] However, defense counsel never complied or sent the requested information to Plaintiff or Plaintiffs' counsel. Defense counsel also agreed and stipulated they would produce a copy of Nationstar's response to Plaintiffs' letter dated December 16, 2013.[45] However, defense counsel never complied or sent the requested information to Plaintiff or Plaintiffs' counsel.

## IV.    ARGUMENT & AUTHORITIES

A.    **SUMMARY JUDGMENT STANDARD**

Summary judgment is proper only if the pleadings and summary-judgment evidence show there is no genuine issue about any material fact, and that the movant is entitled to judgment as a matter of law.[46] The burden of proof in a summary judgment proceeding is on the party who would bear the burden of proof at trial.[47] In determining whether there is a genuine dispute of material fact preventing summary judgment, a court must consider all evidence in the light most favorable to plaintiff as the nonmovant.[48] The court must also resolve all reasonable doubts about the facts in favor of plaintiff as the nonmovant.[49]

Generally, a defendant moving for summary judgment on a plaintiff's claim must demonstrate the absence of a genuine issue of material fact by either (1) submitting summary-judgment evidence negating the existence of a material element of the plaintiff's claim, or (2)

---

[44] Appendix, Ex. 1 (Janati Dep. 58:6-10, April 23, 2015).
[45] Appendix, Ex. 1 (Janati Dep. 88:16-22, April 23, 2015).
[46] FED. R. CIV. P. 56(c); *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 325-26 (1986).
[47] *See Celotex Corp.*, 477 U.S. at 324.
[48] *Cooper Tire & Rubber Co. v. Farese*, 423 F.3d 446, 456 (5th Cir. 2005).
[49] *Id*. at 455-56.

showing there is no evidence to support an essential element of the plaintiff's claim.[50] However, federal courts allow plaintiffs to rely upon presumptions in summary judgment proceedings.[51] As one court stated, "A party moving for summary judgment is entitled to the benefit of any relevant presumptions that would be available at trial, provided that the facts giving rise to the presumption are undisputed."[52]

**B.     PLAINTIFFS' RESPA CLAIM**

Summary judgment is improper because the evidence and testimony establish a genuine dispute of material fact on this issue. Plaintiffs' allege Nationstar violated RESPA by not properly responding to a "qualified written request" (QWR) and Janati understands the allegation.[53] But Nationstar cannot prove it complied with RESPA because Janati doesn't even know whether the Plaintiffs' letters are QWRs,[54] and doesn't even know if Nationstar responded to Plaintiffs' letters. Janati knows RESPA requires Nationstar to respond to QWRs, and further admits Nationstar has a written policy governing QWR responses.[55] However, Nationstar refuses to produce a copy of the policy despite Plaintiffs' proper written requests.[56] Therefore, Defendant's motion for summary judgment as to Plaintiffs' RESPA claim should be denied.

**C.     PLAINTIFFS' BREACH OF CONTRACT CLAIM**

Summary judgment is improper because the evidence and testimony establish a genuine dispute of material fact on this issue. Janati agreed the Plaintiffs' Note requires Nationstar to apply

---

[50] *See Celotex Corp.*, 477 U.S. at 322-23.
[51] *See Gasmark Ltd. Liquidating Trust v. Louis Dreyfus Natural Gas Corp.*, 158 F.3d 312, 315 (5th Cir. 1998); *Sandoz v. Fred Wilson Drilling Co.*, 695 F.2d 833, 839 (5th Cir. 1983).
[52] *Johnson v. Henderson*, 2001 WL 1112116, at *10 (N.D. Cal. Sept. 14, 2001) *aff'd*, 314 F.3d 409 (9th Cir. 2002).
[53] Appendix, Ex. 1 (Janati Dep. 67:9-11, April 23, 2015).
[54] Appendix, Ex. 1 (Janati Dep. 65:10-17; 73:7-15; 74:6-11; 77:7-13, April 23, 2015).
[55] Appendix, Ex. 1 (Janati Dep. 71:4-15, April 23, 2015).
[56] Appendix, Ex. 1 (Janati Dep. 66:2-5; 66:17-67:3; 68:11-23, April 23, 2015).

each monthly payment to interest before principal.[57] But Nationstar breached the contract by applying all of Plaintiffs' payment to principal, and didn't apply anything to interest as required by the Note.[58] Plaintiffs' have been damaged because Nationstar is now charging excessive interest, monthly, that should have been paid and applied to Plaintiffs' account almost two years ago on July 22, 2013. Therefore, Defendant's motion for summary judgment as to Plaintiffs' breach of contract claim should be denied.

**D.     PLAINTIFFS' REQUEST FOR AN ACCOUNTING**

Summary judgment is improper because Nationstar's own corporate representative testified she believes Plaintiffs are entitled to an accounting of their mortgage payment history,[59] establishing a genuine dispute of material fact on this issue. Janati and Nationstar's counsel have refused to provide Plaintiffs with a clear answer about the payment history and the exact amount owed on Plaintiffs' mortgage despite numerous written requests, phone calls, and this lawsuit. Therefore, Defendant's motion for summary judgment as to Plaintiffs' request for an accounting should be denied.

## V.     CONCLUSION & PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs Danielle Geoffrion and Darren Kasmir respectfully request this Court (1) deny Defendant's Motion for Summary Judgment because Plaintiffs have pointed out evidence and testimony raising fact issues on all the challenged elements of their claims; and (2) grant Plaintiffs all other relief to which they may be entitled, at law or in equity.

---

[57] Appendix, Ex. 1 (Janati Dep. 109:17-25, April 23, 2015); *see also* Def. Mot., Ex. A-1 (Note).
[58] Appendix, Ex. 1 (Janati Dep. 110:4-15; 111:11-14, April 23, 2015).
[59] Appendix, Ex. 1 (Janati Dep. 100:6-10, April 23, 2015).

Respectfully Submitted,

**HUGHES ELLZEY, LLP**


_____*/s/ W. Craft Hughes*_____
W. Craft Hughes
Texas Bar No. 24046123
craft@hughesellzey.com
Jarrett L. Ellzey
Texas Bar No. 24040864
jarrett@hughesellzey.com
2700 Post Oak Blvd., Ste. 1120
Galleria Tower I
Houston, TX 77056
Phone (713) 554-2377
Fax (888) 995-3335

**ATTORNEYS FOR PLAINTIFFS**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify a copy of the foregoing document was filed in accordance with the protocols for e-filing in the United States District Court for the Eastern District of Texas, Sherman Division, on <u>May 8, 2015</u> and served on all counsel of record who have consented to electronic notification *via* CM/ECF.

<u>    */s/ W. Craft Hughes*    </u>
W. Craft Hughes