IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DANIELLE GEOFFRION and<br>DARREN KASMIR | §<br>§<br>§ | CASE NO. 4:14-cv-350-ALM |
| v. | §<br>§ | JURY TRIAL DEMANDED |
| NATIONSTAR MORTGAGE LLC | §<br>§ | |

## PLAINTIFFS' MOTION FOR SANCTIONS

TO THE HONORABLE AMOS L. MAZZANT:

Danielle Geoffrion and Darren Kasmir ("Plaintiffs"), file this opposed *Motion for Sanctions* against Defendant Nationstar Mortgage LLC ("Defendant" or "Nationstar").

### I.   INTRODUCTION & FACTUAL SUMMARY

Plaintiffs hereby move for an order granting the following relief as a result of Defendants' flagrant disregard of FED. R. CIV. P. 30(b)(6):

(1) compel Nationstar to produce a competent corporate representative, not Fay Janati, who has actual personal knowledge of the subjects and topics set forth in Plaintiffs' deposition notice, to occur at Plaintiffs' counsel's office located at 2700 Post Oak Blvd., Ste. 1120, Houston, Texas 77056 before June 1, 2015;

(2) award Plaintiffs' counsel travel costs in the amount of $500.00; and

(3) award Plaintiffs' attorneys' fees in the amount of $3,000.00 for preparing and attending the deposition.

This is a case involving Plaintiffs' mortgage loan on their home and whether defendant Nationstar allegedly violated federal statutory law in the servicing of Plaintiffs' mortgage loan. On June 30, 2014, Plaintiffs filed their First Amended Complaint alleging violations of the REAL ESTATE SETTLEMENT PROCEDURES ACT ("RESPA"). Specifically, Plaintiffs allege to have "sent

Defendant <u>qualified written requests</u> for information regarding their account" and an accounting of all payments made on their mortgage account.[1] Plaintiffs further allege Nationstar violated RESPA because it "failed to provide information required by federal law."[2] The central issue and crux of Plaintiffs' claim is whether Plaintiffs' letters to Nationstar are in fact "qualified written requests" as defined by RESPA.[3]

At the onset of this case, Plaintiffs were optimistic an early resolution could be reached once the underlying issues were addressed by Nationstar's learned litigation counsel. The issues in this case are undeniably simple. Plaintiffs (1) received notice in the Fall of 2013 that their mortgage account with Nationstar was in arrears, (2) Plaintiffs called Nationstar and sent written letter requests to Nationstar multiple times requesting an accounting to determine the exact amount owed, (3) Nationstar ignored Plaintiffs' written letter requests and provided inconsistent explanations as to the balance owed during phone conversations, (4) Plaintiffs then retained counsel, who sent more written requests for a legally sufficient accounting, (5) Nationstar produced an incomprehensible Microsoft Excel spreadsheet and stopped communicating at all with Plaintiffs. Ultimately, Plaintiffs were forced to file this suit to obtain the information and

---

[1] *See* Plaintiffs' First Amended Complaint, ¶ 21, p. 7 [Dkt. No. 7] (emphasis added). The federal statutory definition of a "qualified written request" is explained in RESPA as being: "a written correspondence…that-- (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and (ii) includes a statement of the reasons for the belief of the borrower…that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." *See* 12 U.S.C. § 2605 (e)(1)(B).

[2] *i.e.*, RESPA. *See* Plaintiffs' First Amended Complaint, ¶ 22, p. 7 [Dkt. No. 7].

[3] In the deposition of Nationstar's corporate representative Fay Janati, defense counsel stipulated on the record that Nationstar received at least six (6) written letters from Plaintiffs and/or their representatives requesting information about their mortgage; and the supporting documents were attached as an exhibit to the deposition of Fay Janati.

accounting of mortgage history payments Plaintiffs originally sought through their qualified written requests, so they could become current on their mortgage loan.

The parties worked together for several months in an attempt to reconcile their differing views on amounts owed and the accuracy of the "accounting" provided by Nationstar. Recently, it became apparent to Plaintiffs that formal discovery would be required to resolve certain issues. Accordingly, on March 18, 2015 (five weeks before the deposition), Plaintiffs sent Nationstar a *Notice of Deposition of Defendant Nationstar Mortgage LLC's Corporate Representative and Subpoena Duces Tecum* pursuant to Rule 30(B)(6) of the FEDERAL RULES ("Depo. Notice of Corporate Rep.").[4] Plaintiffs' Depo. Notice of Corporate Rep. requested a Nationstar corporate representative appear and testify regarding the following topics:

1. The day-to-day business operations of Nationstar and its affiliates, parent companies, subsidiaries, predecessors, successors, and assigns.

2. All company policies, practices, procedures, methods, techniques and strategies relating in any way to accounting, servicing, reporting, and providing notices for all customer accounts, including Plaintiffs' account.

3. All company policies related to procedures for responding to customer requests for accounting.

4. All facts related to Nationstar's servicing history of Plaintiffs' loan.

5. Facts related to Nationstar's accounting systems, programs, and software.

6. All company policies, practices, procedures, methods, and techniques involving risk management, legal and regulatory compliance, and record retention and destruction.

7. All documents and/or electronically stored information that includes statistical information related to Plaintiffs' account.

8. All activity, including any and all transactions, related to Plaintiffs' account with Nationstar.

---

[4] A copy of Plaintiffs' 30(B)(6) Notice of Deposition is attached hereto as <u>Exhibit 1</u>.

9. All records showing activity, including any and all transactions, related to Plaintiffs' account with Bank of America N.A. prior to its assignment of Plaintiffs' note to Nationstar.

10. The facts documents related to the assignment of Plaintiffs' note to Nationstar from Bank of America N.A.

11. All accountings related to the mortgage which is the subject of this lawsuit.

12. All written communications between Plaintiffs, including counsel for Plaintiffs, and Nationstar related to Plaintiffs' mortgage.

13. All verbal communications between Plaintiffs, including counsel for Plaintiffs, and Nationstar related to Plaintiffs' mortgage.

14. All proprietary and third-party software used to generate any and all documents purporting to be "accountings" Nationstar produced to Plaintiffs prior to or during this lawsuit.

15. All lists and/or databases containing existing customers whose notes were obtained by Nationstar from Bank of America, including, without limitation, lists of telephone numbers for existing, former, and/or prospective customers.

16. All documents in Nationstar's possession, custody or control which Nationstar intends to introduce into evidence at trial to negate any claims alleged by Plaintiff or the putative class members, support any defense raised by Nationstar, or otherwise use for demonstrative, impeachment, or rebuttal purposes.

Plaintiffs' notice also included a subpoena *duces tecum* containing the following requests for production of documents:

REQUEST NO. 1: Produce any and all documents purporting to represent an accounting of Plaintiff's loan account.

REQUEST NO. 2: Produce any and all written communications between Plaintiffs and Defendant.

REQUEST NO. 3: Produce any and all documents containing Defendants' policies related to responding to customer requests for accounting.

REQUEST NO. 4: Produce any and all documents contained in Plaintiff's loan file.

REQUEST NO. 5: Produce the original deed of trust related to the property located at 934 Dunsmuir Ave., Los Angeles, California 90036.

The night before the deposition, and after having five weeks to contemplate it, Nationstar's counsel submitted objections to all deposition topics and documentary requests in a perfunctory

style commonly adopted by evasive litigants, and designated its corporate representative appearing for the deposition.[5] Surprisingly, and despite its all-inclusive menu of objections, Nationstar electronically produce 1,080 pages of documents to Plaintiffs' the afternoon before traveling from Houston to Dallas the next morning to appear for the 10:00 a.m. deposition. Not surprisingly, Plaintiffs' counsel did not have time to review the 1,000+ pages of documents prior to appearing at the deposition, thus rendering the production a nullity for the purposes of the deposition.

During the deposition of Nationstar's alleged corporate representative Fay Janati ("Janati") on April 23, 2015, she testified that she had been deposed at least "100 times" as the corporate representative on behalf of Nationstar in previous depositions. Plaintiffs' counsel questioned Janati about all the topics set forth in the deposition notice throughout most of the day. Janati was evasive during her deposition, and responded with "I don't know" to virtually every single important question relating to Plaintiffs' claims and allegations in this case and the topics disclosed in her deposition notice.

Nationstar's conduct mocks Rule 30(b)(6) deposition practice as governed by Fifth Circuit case authority. Nationstar is playing games and its tactics are transparent. Knowingly producing an unqualified and unprepared Rule 30(b)(6) witness, and ostensibly rationalizing this conduct through its perfunctory objections, equates to producing no witness at all. Nationstar should be compelled to produce a proper and prepared witness with personal knowledge of Plaintiffs' claims and the issues in this case. Furthermore, Nationstar is deserving of the Rule 37(d) sanctions sought in this motion.

---

[5] A copy of Nationstar's Objection to Plaintiff's requested topics is attached as <u>Exhibit 2</u>; and a copy of Nationstar's Objection to Plaintiffs' subpoena for production of documents is attached as <u>Exhibit 3</u>.

## II. ARGUMENT & AUTHORITIES

### A. APPLICABLE LAW

The governing case authority of the Fifth Circuit on Rule 30(b)(6) practice is *Resolution Trust Corp. v. Southern Union Co.*, 985 F.2d 196 (5th Cir. 1993). The *Resolution Trust* court explained the duty of a corporate party responding to a Rule 30(b)(6) deposition notice:

> Rule 30(b)(6) streamlines the discovery process. It places the burden of identifying responsive witnesses for a corporation on the corporation. Obviously, this presents a potential for abuse which is not extant where the party noticing the deposition specifies the deponent. When a corporation or association designates a person to testify on its behalf, the corporation appears vicariously through that agent. If that agent is not knowledgeable about relevant facts, and the principal has failed to designate an available, knowledgeable, and readily identifiable witness, then the appearance is, for all practical purposes, no appearance at all.

*Id.* at 197.

FED. R. CIV. P. 37(d) permits the imposition of sanctions when a party or person designated under Rule 30(b)(6) fails "to appear before the officer who is to take the deposition, after being served with the proper notice." *Id.* Producing an unprepared witness is tantamount to a failure to appear at the deposition. *United States v. Taylor*, 166 F.R.D. 356, 363 (M.D.N.C. 1966).

### B. NATIONSTAR SHOULD BE COMPELLED TO PRODUCE A PROPER AND PREPARED CORPORATE REPRESENTATIVE AND SHOULD BE SANCTIONED

Under Rule 30(b)(6), when a party seeking to depose a corporation announces the subject matter of the proposed deposition, the corporation must produce someone familiar with that subject. *See* FED. R. CIV. P. 30(b)(6). Janati was clearly unprepared and lacked the basic personal knowledge required to testify as the relevant topics set forth in Plaintiffs' deposition notice. Accordingly, there is no question Nationstar "failed to designate an available, knowledgeable, and readily identifiable witness," that "for all practical purposes, [was] no appearance at all."

*Resolution Trust Corp. v. Southern Union Co.* 985 F.2d at 197. As a result, Plaintiffs' counsel wasted time, money, and resources traveling to Dallas for this worthless deposition.

Plaintiffs sincerely believe Nationstar engaged in discovery abuse by ignoring Rule 30(b)(6), the Court should sanction Nationstar under Rule 37(d) in the following manner: (1) compel Nationstar to produce a competent corporate representative, with personal knowledge of the subjects set forth in Plaintiffs' deposition notice, at Plaintiffs' counsel's office located at 2700 Post Oak Blvd., Ste. 1120, Houston, Texas 77056 before June 1, 2015; (2) award Plaintiffs' counsel travel costs in the amount of $500.00; and (3) award Plaintiffs' attorneys' fees in the amount of $3,000.00 for preparing for and attending the deposition.

### III. REQUEST FOR ORAL HEARING

Pursuant to Local Civil Rule CV-7(g), Plaintiffs respectfully request the Court set an oral hearing on this issue.

### CONCLUSION & PRAYER

Nationstar's conduct has had the effect of denying Plaintiffs fundamental fact discovery that is the core to this litigation. Nationstar's conduct was not accidental or inadvertent; therefore, Nationstar is deserving of the sanctions sought in this motion, which are "just," in the sense of Rule 37. Plaintiffs request the Court order the following relief: (1) compel Nationstar to produce a competent corporate representative, with knowledge of the subjects set forth in Plaintiffs' deposition notice, at Plaintiffs' counsel's office located at 2700 Post Oak Blvd., Ste. 1120, Houston, Texas 77056 before June 1, 2015; (2) award Plaintiffs' counsel travel costs in the amount of $500.00; and (3) award Plaintiffs attorneys' fees in the amount of $3,000.00 for preparing for and attending the deposition. Plaintiffs' also request such other and further relief to which Plaintiffs may be entitled at law or in equity.

Respectfully Submitted,

**HUGHES ELLZEY, LLP**

　　　*/s/ W. Craft Hughes*
W. Craft Hughes
Texas Bar No. 24046123
craft@hughesellzey.com
Jarrett L. Ellzey
Texas Bar No. 24040864
jarrett@hughesellzey.com
2700 Post Oak Blvd., Ste. 1120
Galleria Tower I
Houston, TX 77056
Phone (713) 554-2377
Fax (888) 995-3335

**ATTORNEYS FOR PLAINTIFFS**

# CERTIFICATE OF CONFERENCE

Pursuant to Local Civil Rule CV-7(h) and CV-7(i), I certify that on April 24, 2015, our office e-mailed a draft of the motion for sanctions to defense counsel Adam Ragan and Walter Mcinnis for review, requesting a time to discuss the motion. After no response from defense counsel, on April 27, 2015 our office sent a second e-mail to defense counsel Adam Ragan and Walter Mcinnis for review also attaching a copy of the draft motion for sanctions, requesting a time to discuss the motion for the second time. I further certify that on May 12, 2015 I had a phone conference with defense counsel Andrew D. Thomas, e-mailed Mr. Thomas a draft of the motion for sanctions, and discussed this motion and our reasons for requesting sanctions. <u>Mr. Thomas and his client are opposed to this motion</u>. During the phone conference, Mr. Thomas and I had a discussion in a good faith attempt to resolve our differing views before filing this motion, but were unable to resolve the issue. Mr. Thomas said he would talk to his client about this motion and attempt to contact me on May 13, 2015. On May 13, 2015, Mr. Thomas sent an email offering to allow Plaintiffs to serve Defendant a "limited" number of deposition upon written questions to an unidentified corporate representative. I authorized my partner, Jarrett Ellzey, to send an email rejecting the proposal, as it does not offer a sufficient alternative to the relief sought in this motion.

I further certify that I have complied with the meet and confer requirement in Local Rule CV-7(h). No agreement as to this Motion for Sanctions could be reached. Our discussions concerning this Motion for Sanctions and the deposition of Nationstar's corporate representative have conclusively ended in an impasse, leaving an open issue for the court to resolve.

                                                */s/ W. Craft Hughes*
                                                W. Craft Hughes

# CERTIFICATE OF SERVICE

I certify a copy of the foregoing document was filed in accordance with the protocols for e-filing in the United States District Court for the Eastern District of Texas, Sherman Division, on May 15, 2015 and served on all counsel of record who have consented to electronic notification *via* CM/ECF.

                                                */s/ W. Craft Hughes*
                                                W. Craft Hughes