IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| DANIELLE GEOFFRION, and §<br>DARREN KASMIR §<br>  §<br>  Plaintiffs §<br>  §<br>v. §<br>  §<br>  §<br>  §<br>NATIONSTAR MORTGAGE LLC §<br>  §<br>  Defendant. §   | CASE NO. 4:14-cv-350-ALM<br><br>JURY DEMAND |

**NOTICE OF DEPOSITION OF DEFENDANT NATIONSTAR MORTGAGE LLC CORPORATE REPRESENTATIVE AND SUBPOENA DUCES TECUM PURSUANT TO FED. R. CIV. P. 30(b)(6) BY STENOGRAPHER AND/OR VIDEOTAPE**

TO:   Defendant Nationstar Mortgage LLC, by and through its attorneys of record, D. Stewart Clancy and Adam Ragan, AKERMAN LLP, 2001 Ross Avenue, Suite 2550, Dallas, Texas 75201; Telephone (214) 720-4300.

PLEASE TAKE NOTICE that pursuant to Fed. R. Civ. P. 30(b)(6), the deposition of NATIONSTAR MORTGAGE LLC will be taken on April 23, 2015, at 10:00 a.m. for the purpose of discovery or as evidence in this action at the following address:

Akerman LLP
2001 Ross Avenue, Suite 2550
Dallas, Texas 75201

The deposition will be taken before a notary public and will be recorded stenographically and may be recorded by videotape.

The above-named corporation, pursuant to Fed. R. Civ. P. 30(b)(6), shall designate an individual or individuals with personal knowledge to appear and attend at the time and place specified and must be prepared to testify regarding "matters known or reasonably available to" Defendant Nationstar Mortgage LLC, including but not limited to the following topics:

1. The day-to-day business operations of Defendant and its affiliates, parent companies, subsidiaries, predecessors, successors, and assigns.

2. All company policies, practices, procedures, methods, techniques and strategies relating in any way to accounting, servicing, reporting, and providing notices for all customer accounts, including Plaintiffs' account.

3. All company policies related to procedures for responding to customer requests for accounting.

4. All facts related to Defendant's servicing history of Plaintiffs' loan.

5. Facts related to Defendant's accounting systems, programs, and software.

6. All company policies, practices, procedures, methods, and techniques involving risk management, legal and regulatory compliance, and record retention and destruction.

7. All documents and/or electronically stored information that includes statistical information related to Plaintiffs' account.

8. All activity, including any and all transactions, related to Plaintiffs' account with Nationstar.

9. All records showing activity, including any and all transactions, related to Plaintiffs' account with Bank of America N.A. prior to its assignment of Plaintiffs' note to Defendant.

10. The facts documents related to the assignment of Plaintiffs' note to Defendant from Bank of America N.A.

11. All accountings related to the mortgage which is the subject of this lawsuit.

12. All written communications between Plaintiffs, including counsel for Plaintiffs, and Defendant related to Plaintiffs' mortgage.

13. All verbal communications between Plaintiffs, including counsel for Plaintiffs, and Defendant related to Plaintiffs' mortgage.

14. All proprietary and third-party software used to generate any and all documents purporting to be "accountings" Defendant produced to Plaintiffs prior to or during this lawsuit.

15. All lists and/or databases containing existing customers whose notes were obtained by Defendant from Bank of America, including, without limitation, lists of telephone numbers for existing, former, and/or prospective customers.

16. All documents in Defendant's possession, custody or control which Defendant intends to introduce into evidence at trial to negate any claims alleged by Plaintiff or the putative class members, support any defense raised by Defendant, or otherwise use for demonstrative, impeachment, or rebuttal purposes.

## SUBPOENA DUCES TECUM

## DEFINITIONS AND INSTRUCTIONS

1. Unless stated otherwise, these Requests cover the time period running from five years prior to the date of the original Complaint in this matter through trial in this matter.

2. The term "Relevant Time Period" means the time period running from four years prior to the date of the original Complaint in this matter to present.

3. The term "fully identify" applied to any person means to state that person's full name, including middle name and suffixes, current address, and current telephone number. If either a current address or current telephone number is not known, a request to "fully identify" any person means to state all known addresses including former addresses, and phone numbers for such person, that person's date of birth, and any other information in your possession that is of a type to assist in contacting that person and/or to differentiate that person from a list of persons with a similar name.

4. "Defendant" or "you" means Nationstar Mortgage LLC., including any of its agents, employees, shareholders, officers, directors, and/or anyone Defendants have engaged or retained in any way to transmit telephone communications on its behalf.

5. "Document" means anything in or upon which information may be fixed and can be perceived, reproduced or otherwise communicated, with or without the aid of any machine or device and regardless of the medium of expression in which the information is fixed (e.g., print, video, audio, computer diskette, magnetic tape), including but not limited to, the following: contracts, agreements, insurance plans, insurance policies, papers, photo graphs, tape recordings, transcripts, computer diskettes, computer drives, hard drives, mainframes or any other kind of database or data stored in a computer in any manner (including any coding information necessary to gain access to any such computer information), videotapes, documents filed with any state or federal regulatory or administrative agency or entity, annual reports, shareholder agreements, letters, correspondence, memoranda, diaries, journals, corporate forms, faxes, telegrams, photographs, court papers, financial reports, financial statements, annual reports, checks, check books, check stubs, check statements, bank statements, deposit slips, journals, general and subsidiary ledgers, worksheets, accounts, bills, promissory notes, invoices, punch cards, purchase orders, acknowledgments, authorizations, sales slips, receipts, shipping papers, telex and other teletype communications, computer printouts, any other printout sheets, movie film, slides, microfilm, reports (including appraisal reports), studies, summaries, minutes of meetings, minute books, circulars, notes (whether typewritten, handwritten or otherwise), agendas, bulletins, notices, announcements, proofs, sheets, instructions, charts, tables, manuals, brochures, magazines, pamphlets, lists, visitors' logs, schedules, price lists, engineering and/or architectural drawings, sketches, plans, blueprints, specifications, diagrams, drafts, books and records, desk calendars, notebooks, registers, appointment books, budgets, analyses, projections, tax returns and all other data compilations from which information can be obtained or translated, regardless of whether such materials are in Defendant's possession or are in the possession of Defendant's present

or former officers, agents, servants, employees, representatives, attorneys or other persons acting on their behalf. The term "document" also includes any and all drafts and/or copies of any of the foregoing materials that do not conform to the original or final version in any way, in that they contain any mark, alteration or additional writing or other change from the original or final version.

6. "Person" refers to individuals and all types of legal entities, including partnerships, associations, corporations, joint ventures, limited partnerships, limited liability companies, governmental bodies, and any and all subparts (*e.g.*, subsidiaries, agencies, or departments) of any such entity.

7. "Meeting" refers to any gathering of two or more persons where any face-to-face oral communication takes place or any written communication is exchanged by hand.

8. "Contact" means any meeting, communication, signaling, or interaction of persons, by whatever means made or done, regardless of whether an exchange of information took place.

9. "Thing" refers to all material within the broadest permissible meaning of the word.

10. "Concerning" means relating, referring to, describing, evidencing or constituting.

11. "Referring or relating" means to make a statement about, discuss, describe, show, reflect, concern, identify, constitute, consist of, or pertain to, in whole or in part, the subject.

12. Any undefined word or term is to be understood according to its commonly accepted meaning. Please consult with Plaintiff's counsel in the event that Defendant or its counsel has difficulty understanding the meaning of any term as it is used in these Requests.

13. Singular nouns and pronouns shall be deemed to include their plurals and plural nouns and pronouns shall be deemed to include their singulars.

14. All nouns and pronouns used herein shall be deemed to be gender neutral and to include all persons regardless of sex.

15. Defendant is instructed to produce all requested documents that are in its possession, custody, or control, including (by way of illustration only and not limited to) documents in the possession, custody, or control of its affiliates or merged or acquired predecessors, or its present or former directors, officers, partners, employees, attorneys, or other agents, as well as its present or former independent contractors over which it has control, and any other person acting on Defendant's behalf.

16. All documents should be produced in their original folders, binders, or boxes, in the same order in which they are kept in the ordinary course of business, and shall be labeled to show their source (e.g., "from Mr. Smith's desk").

17. If Defendant does not produce any documents requested below because they are not in Defendant's possession, custody or control, then Defendant must disclose all known information that may lead to the discovery of such documents.

18. Documents responsive to a particular Request should be segregated, with a note fully identifying the Request to which the group of documents is responsive. Documents produced pursuant to one Request need not be duplicated for production pursuant to a different Request.

19. If Defendant cannot respond to any Request in full after exercising due diligence to secure any information needed to provide an answer, please state the reason(s) for the inability to respond and the efforts undertaken to secure the information sought.

20. If Defendant objects to responding to any portion of these Requests, please (a) state the legal basis and the factual basis for each such objection and (b) fully identify with reasonable particularity the subject matter of the information as to which Defendant believes the objection applies.

21. If any document is withheld on grounds of privilege, work product, or otherwise, for each such response, set forth a privilege log and state the reason for withholding the response and the factual basis for such reason, with sufficient particularity to allow Plaintiff to assess the validity of the reason and, if necessary, for the court to rule on it.

22. Notwithstanding the assertion of an objection on the grounds of privilege, any purportedly privileged response containing non-privileged matter must be provided, with the purportedly privileged portion expressly redacted.

23. If Defendant contends that responding to any Request would impose an undue burden upon it, Defendant shall specify in detail how responding would impose such a burden and respond to the Request to the broadest extent possible without engaging in the activities claimed to be unduly burdensome.

24. If Defendant contends that any Request is overly broad, Defendant shall specify with precision the way in which it contends the Request is overly broad, specify what narrower interpretation of the Request would be acceptable, and then respond to the Request on the basis of such a narrower interpretation of it.

25. If Defendant's response to the Request would be different for different time frames within the Relevant Time Period, Defendant shall state each time frame for which the response would be different, and specify the correct response for each such time frame.

26. These Requests are to be considered as continuing in duration. Defendant is instructed to provide by way of supplemental responses as Defendant may hereafter obtain that will augment or otherwise modify Defendant's responses in response to these Requests.

**ANY OBJECTION BASED ON PRIVILEGE THAT IS NOT ACCOMPANIED BY A PROPER PRIVILEGE LOG ENTRY IS SUBJECT TO BEING OVERRULED WITHOUT CONSIDERATION OF THE MERITS OF THE OBJECTION.**

REQUEST NO. 1:  Produce any and all documents purporting to represent an accounting of Plaintiff's loan account.

REQUEST NO. 2:  Produce any and all written communications between Plaintiffs and Defendant.

REQUEST NO. 3:  Produce any and all documents containing Defendants' policies related to responding to customer requests for accounting.

REQUEST NO. 4:  Produce any and all documents contained in Plaintiff's loan file.

REQUEST NO. 5:  Produce the original deed of trust related to the property located at 934 Dunsmuir Ave., Los Angeles, California 90036.

Respectfully Submitted,

**HUGHES ELLZEY, LLP**

By: */s/ Jarrett L. Ellzey*
Jarrett L. Ellzey, TBN 24040864
W. Craft Hughes, TBN 24046123
Galleria Tower I
2700 Post Oak Blvd., Suite 1120
Houston, Texas 77056
Phone (713) 554-2377
Fax (888) 995-3335

**ATTORNEYS FOR PLAINTIFFS DANIELLE GEOFFRION AND DARREN KASMIR**