## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | |
|---|---|
| DANIELLE GEOFFRION and §<br>DARREN KASMIR, § <br>    § <br>Plaintiffs, § <br>    § Case No. 4:14-cv-00350-RC-ALM<br>v. § <br>    § <br>NATIONSTAR MORTGAGE LLC, § <br>    § <br>Defendant. § | |

### DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Defendant Nationstar Mortgage LLC (**Nationstar**) files this reply in support of its motion seeking summary judgment on the claims asserted by plaintiffs Danielle Geoffrion and Darren Kasmir (**plaintiffs**). In support thereof, Nationstar respectfully submits the following:

### I. SUMMARY OF ARGUMENT

Plaintiffs' summary judgment response falls well short of demonstrating any issue of fact. Plaintiffs do not address the legal arguments set forth in Nationstar's motion for summary judgment; but instead, seek to create fact issues where none exist in the testimony of Nationstar's corporate representative. Plaintiffs' Real Estate Settlement Practices Act (**RESPA**) claims fail as a matter of law because plaintiffs' letters to Nationstar were not qualified written requests (**QWRs**), were not sent to the address designated by Nationstar for QWRs, or were overly broad, unduly burdensome, and sought discovery-type information regarding plaintiffs' loan. Plaintiffs' breach of contract claim fails as a matter of law because plaintiffs were in breach of the terms of the loan at the time of the alleged breach by Nationstar. Finally, plaintiffs are not entitled to an accounting because their loan account was not so complex plaintiffs could not have acquired whatever information they felt was lacking through the discovery process.

## II. ARGUMENTS & AUTHORITIES

**A. PLAINTIFFS' PURPORTED FACT ISSUES HAVE NO BEARING ON THE MERITS OF PLAINTIFFS' CASE.**

Plaintiffs devote nearly all of their response to (**1**) alleged inconsistencies between Nationstar's summary judgment facts and Nationstar's corporate representative's deposition testimony and (**2**) Nationstar's refusal to produce its policy on responding to qualified written requests.[1] Neither the purported inconsistencies nor Nationstar's policy go to the merits of their claims or are even relevant to this case.

**B. PLAINTIFFS' RESPA CLAIMS FAIL AS A MATTER OF LAW.**

Plaintiffs allege Nationstar violated RESPA by failing to adequately response to QWRs on November 14, 19, and 20, 2013; December 16, 2013; January 7 and 17, 2014; and February 11, 2014. To prove claim for violation of RESPA's section 2605(e), plaintiffs must show (**1**) Nationstar is a loan servicer; (**2**) plaintiffs sent Nationstar a valid qualified written request to its designated address; (**3**) Nationstar failed to adequately respond within the statutory period; and (**4**) plaintiffs are entitled to damages.

### 1. Plaintiffs' Letters are not QWRs.

Plaintiffs' RESPA claims fail because each of their letters (**1**) were not QWRs, (**2**) were not sent to the proper address designated by Nationstar for QWRs, or (**3**) or were overly broad, unduly burdensome and sought discovery type information regarding plaintiffs' account. A "qualified written request" is a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that–(i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or

---

[1] *See* Plaintiffs' Response in Opposition to Defendant's Motion for Summary Judgment and Brief in Support (**Doc. 28**) at 1-10 (**Response**).

provides sufficient detail to the servicer regarding other information sought by the borrower. 12 U.S.C. §2605(e)(1).

The purpose of a QWR is not for a borrower to generally seek information about his or her account. A QWR must seek "information relating to the servicing of [the] loan." 12 U.S.C. § 2605(e)(1)(A); 24 C.F.R. §3500.21(e)(2)(i). "Servicing" means receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan, including amounts for escrow accounts . . . and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of loan. 12 U.S.C. §2605(i)(3). Requests that are overbroad and unduly burdensome do not qualify as a QWR and thus, do not require a response. *See Hopson v. Chase Home Finance LLC*, 14 F. Supp. 3d 774, 787 (S.D. Miss. 2014); *Ekundayo v. PNC Bank, Nat. Ass'n*, A-14-CA-142-SS, 2014 WL 5092625, at \*5 (W.D. Tex. Oct. 9, 2014); *Ovsepyan v. OneWest Bank, FSB*, No. CV 11-8714, 2012 WL 10423213, \*2 (C.D. Cal. June 14, 2012).

Once a loan servicer receives a proper QWR, its duty to respond is generally triggered. *Berneike v. CitiMortgage, Inc.*, 708 F.3d 1141, 1145 (10th Cir. 2013). An exception to the rule exists when a servicer has established "'a separate and exclusive office and address for the receipt and handling of qualified written requests" by "notice either included in the Notice of Transfer or separately delivered by first-class mail, postage prepaid.'" *Id.* (quoting 24 C.F.R. § 3500.21(e)(1)). In such instances, a servicer's duty to respond to a QWR is triggered only if the borrower sends her QWR to the designated address. *See id.* at 1148-49; *Roth v. CitiMortgage Inc.*, 756 F.3d 178, 181-82 (2d Cir. 2014); *Steele v. Green Tree Servicing, LLC*, 3:09-CV-0603-D, 2010 WL 3565415, at \*3 (N.D. Tex. Sept. 7, 2010), *aff'd sub nom. Steele v. Green Tree Servicing, L.L.C.*, 453 Fed. Appx. 473 (5th Cir. 2011).

### a. Plaintiffs' November 14, 2013 Letter.

Plaintiffs' November 14, 2013 letter is not a QWR because it does not include a statement from the plaintiffs as to the reasons they believe their account is in error or request any information from Nationstar.[2] Rather, it is a transmittal letter from the borrowers, wherein they are providing information to Nationstar. Further, it was not sent to the address designated by Nationstar for QWRs, and therefore Nationstar's duty to respond was not triggered. For these reasons, plaintiffs' RESPA claim regarding the November 14, 2013 letter fails as a matter of law.

### b. Plaintiffs' November 19, 2013 Letter.

Plaintiffs' November 19, 2013 letter is not a QWR because it does not include a statement from the plaintiffs as to the reasons they believe their account is in error or request any information from Nationstar.[3] Rather, it is a transmittal letter from the borrowers, wherein they are providing information to Nationstar. Further, it was not sent to the address designated by Nationstar for QWRs, and therefore Nationstar's duty to respond was not triggered. For these reasons, plaintiffs' RESPA claim regarding the November 19, 2013 letter fails as a matter of law.

### c. Plaintiffs' November 20, 2013 Letter.

Although plaintiffs' November 20, 2013 letter indicates they are "disputing the issues/amounts that [they] assume from [their] conversation are in the demand letter" the November 20, 2013 letter is not a QWR because it does not include a statement from the plaintiffs as to the reasons they believe their account is in error or request any information from Nationstar.[4] This letter does not identify any problem with the servicing of plaintiffs loan, nor does it requests specific information from Nationstar regarding the servicing of the plaintiffs'

---

[2] *See* Plaintiff's First Amended Complaint (**Doc. 7**) at Exhibit B.
[3] *See* Complaint (**Doc. 7**) at Exhibit C.
[4] *See* Complaint (**Doc. 7**) at Exhibit C.

loan. Rather, it is a re-transmittal of the information previously provided by plaintiffs in the November 14th and 19th letters. Further, it was not sent to the address designated by Nationstar for QWRs, and therefore Nationstar's duty to respond was not triggered. For these reasons, plaintiffs' RESPA claim regarding the November 20, 2013 letter fails as a matter of law.

### d.     Plaintiffs' December 16, 2013 Letter.

Plaintiffs' December 16, 2013 letter is not a QWR because it is overly broad and unduly burdensome, seeking general discovery-type information about plaintiffs' loan.[5] Though sent by plaintiffs' attorney, the letter does not referenced RESPA or otherwise identify itself as a QWR. Instead, the letter identifies itself as a

> . . . formal demand pursuant to the California Civil Code Section 2923.55, as amended by the California Foreclosure Reduction Act for (i) a copy of the promissory note and Deed of Trust related to the referenced loan and property; (ii) all documents evidencing and/or supporting Nationstar Mortgage's right to foreclose or threatened foreclosure on the referenced property, and (iii) a full accounting of charges to and payments against the referenced loan over the course of the last twelve months.[6]

This letter does not identify any problem with the servicing of plaintiffs loan or request specific information from Nationstar regarding the servicing of plaintiffs' loan. Rather, it generally states the borrowers dispute the amount owed and requests evidence supporting Nationstar's right to foreclose and a full accounting. For these reasons, plaintiffs' RESPA claim regarding the December 16, 2013 letter fails as a matter of law.

### e.     Plaintiffs' January 3, 2014 Letter.[7]

Plaintiffs' January 3, 2013 letter is not a QWR because it is overly broad and unduly burdensome, seeking general discovery-type information about plaintiffs' loan.[8] Again, this letter was submitted by plaintiffs' attorney and fails to mention RESPA or otherwise identify

---

[5] *See* Complaint (**Doc. 7**) at Exhibit D.
[6] *See* Complaint (**Doc. 7**) at Exhibit D.
[7] Plaintiffs refer to this letter as the January 7, 2014 letter but the actual date on the letter is January 3, 2014.
[8] *See* Complaint (**Doc. 7**) at Exhibit E.

itself as a QWR. The letter appears to track the accounting previously provided to plaintiffs' attorney in response to the December 16th letter. It demands Nationstar:

(1) provide full accountings of several aspects of the plaintiffs' account (*Paragraph 1 – full accounting of all payments to Nationstar and Bank of America; Paragraph 8 – full accounting of this "suspense account;" Paragraph 9 – full accounting of the escrow account*);

(2) provide responses to numerous questions regarding the accounting previously provided (*Paragraph 3 – "What is this?"; Paragraph 4 – "What is your explanation for these charges?"; Paragraph 5 – "What is your explanation for this"; and Paragraph 6 – "Really???"*);

(3) provide "authority" for actions taken under the loan (*Paragraph 7 – ". . .include in your explanation the source of your authority to return payments in an apparent effort to force a default."; and Paragraph 10 – "please provide a specific reference to any document you maintain authorizes this action."*); and

(4) if Nationstar alleges to have given plaintiffs' notice on this account, to provide copies of all letters of notice on this account (*Paragraph 11*).[9]

The January 3, 2014 letter was explicitly overbroad, unduly burdensome, and sought discovery-type information from plaintiffs' loan. For these reasons, plaintiffs' RESPA claim regarding the January 3, 2014 letter fails as a matter of law.

### f. Plaintiffs' January 17, 2014 Letter.

Plaintiffs' January 17, 2014 letter is not a QWR because it does not include a statement from the plaintiffs as to the reasons they believe their account is in error or request any

---

[9] *See* Complaint (**Doc. 7**) at Exhibit E.

information from Nationstar.[10] Rather, it is a follow-up letter from plaintiffs' attorney to her January 3, 2014 letter. For these reasons, plaintiffs' RESPA claim regarding the January 17, 2014 letter fails as a matter of law.

### g. Plaintiffs' February 11, 2014 Letter.

Plaintiffs' February 11, 2014 letter is not a QWR because it does not include a statement from the plaintiffs as to the reasons they believe their account is in error or request any information from Nationstar. Rather, it is a follow-up letter from plaintiffs' attorney to her prior letters.[11] For these reasons, plaintiffs' RESPA claim regarding the February 11, 2014 letter fails as a matter of law.

### 2. Plaintiff's RESPA Claims Fail Because Borrowers did not suffer actual Damages due to Nationstar's QWR response.

To the extent any of the communications allegedly sent by plaintiffs qualify as QWRs, Nationstar is still entitled to summary judgment because plaintiffs failed to allege, and the record is devoid of evidence to show, plaintiffs suffered actual damages as a result of any alleged inadequate response or failure to respond. In their initial disclosures, plaintiffs identify their damages as including $14,000 in statutory penalties and an unspecified amount in attorneys' fees.[12] Plaintiffs do not identify any actual damages, or the method for computing such damages. Similarly, in their complaint, plaintiffs state only that they "suffered actual damages in an amount to be determined at trial . . . ."[13] There is no allegation (**1**) a foreclosure of the property actually occurred, (**2**) plaintiffs have been deprived of the use of the property, or (**3**) plaintiffs have suffered monetary damages of any kind. Even if plaintiffs had alleged or disclosed actual

---

[10] *See* Complaint (**Doc. 7**) at Exhibit F.
[11] *See* Complaint (**Doc. 7**) at Exhibit F.
[12] *See* **Ex. B.**
[13] *See* Complaint (**Doc. 7**) at 7, ¶ 26.

damages, plaintiffs still would be unable to show they incurred these damages as a proximate result of Nationstar's alleged RESPA violations.

The summary judgment evidence shows the Loan was $32,695.35 past due on the date of the service transfer to Nationstar (July 1, 2013) based on no less than ten missed payments.[14] Additionally, plaintiffs failed to make numerous payments after the service transfer, making the past-due balance on the Loan $111,371.33 through January 31, 2015.[15] Any alleged inadequacies in the application of payments or responses to plaintiffs' alleged QWRs were *de minimis*. When compared with plaintiffs' undisputed default, neither would cause plaintiffs to suffer actual damages in the event of foreclosure. The simple fact is plaintiffs failed to make their payments when due. Their significant and ongoing default—not Nationstar's responses to their letters—is the sole cause of any difficulties plaintiffs may face. For these reasons, Nationstar is entitled to summary judgment as a matter of law on plaintiffs' RESPA claims.

C. **PLAINTIFFS CANNOT RECOVER FOR BREACH OF CONTRACT AGAINST NATIONSTAR BECAUSE THEY COMMITTED THE FIRST BREACH OF THE PARTIES' CONTRACT.**

Plaintiffs' breach of contact claim appears to hinge on a single instance in which Nationstar allegedly breached the terms of the Loan by applying a payment entirely to principal (instead of principal and interest).[16] Even if plaintiffs are correct (which is denied), this claim still fails as a matter of law because the Loan was in default at the time of Nationstar's alleged breach and, therefore, plaintiffs are unable to enforce the alleged breach. The elements of a breach of contract claim are (**1**) the existence of a valid contract, (**2**) the performance or tendered performance by the plaintiff, (**3**) breach of the contract by the defendant, and (**4**) damages to the

---

[14] *See* **Ex. A-5** – **Ex. A-7**.
[15] *See* **Ex. A-10**.
[16] *See* Complaint (**Doc. 7**) at 8, ¶ 35. Based on the exhibits to the complaints and the payment history for the Loan, it appears plaintiffs are referencing a July 7, 2013 payment in the amount of $3,048.62. *See* Exhibit E to the Complaint (**Doc. 7**); *see also* **Ex. A-7**, at 2.

plaintiff resulting from that breach." *Harris v. Am. Prot. Ins. Co.*, 158 S.W.3d 614, 622-23 (Tex. App.—Fort Worth 2005) (citations omitted). If plaintiffs committed the first breach of the parties' contract, they cannot thereafter maintain a breach of contract claim. *See Mustang Pipeline Co., Inc. v. Driver Pipeline Co., Inc.*, 134 S.W.3d 195, 196 (Tex. 2004).

Nationstar is entitled to summary judgment because the undisputed facts conclusively show plaintiffs failed to make all of their payments when due under the Note and Deed of Trust, which is a breach of the Loan under Texas law.[17] *See, e.g.*, *Mortberg v. Litton Loan Servicing, L.P.*, No. 4:10-CV-668, 2011 WL 4431946, at *7 (E.D. Tex. Aug. 30, 2011), *report & rec. adopted*, 2011 WL 4440170 (E.D. Tex. Sept. 22, 2011). Plaintiffs did not cure their default or otherwise tender the past-due balance of the Loan in an attempt to cure their default.[18] Because plaintiffs' uncured default on the Loan occurred before Nationstar's alleged misapplication of any payment(s) to principal, their breach of contract claim fails as a matter of law.

### D. PLAINTIFFS ARE NOT ENTITLED TO AN ACCOUNTING.

Plaintiffs argue they are entitled to an accounting because Nationstar's corporate representative agreed that they were entitled to an accounting, but they ignore her testimony that she believed Nationstar responded to their letter requesting an accounting.[19] Although a trial court has discretion to order an accounting, it should only do so when the facts and accounts in issue are so complex that adequate relief cannot be obtained at law. *Id.* (*citing T.F.W. Mgmt, Inc. v. Westwood Shores Prop. Owners Ass'n,* 79 S.W.3d 712, 717 (Tex. App.—Houston [14th Dist.] 2002, pet. denied). The summary judgment record in this case is devoid of any evidence of an account so complex plaintiffs could not have obtained whatever information they felt lacking

---

[17] *See* **Ex. A-3**, & **Ex. A-6** – **Ex. A-8**.
[18] *See id.*; *see also* **Ex. A-10**.
[19] *See* Response, Appendix, Ex. 1 (Janati Dep. 100:6-22, April 23, 2015).

through standard discovery procedures. Nationstar is entitled to summary judgment on this claim.

### III. CONCLUSION

Nationstar is entitled to summary judgment on each of plaintiffs' claims as a matter of law. Pursuant to Rule 56, Nationstar asks this Court enter a summary judgment in its favor and grant it any and all other relief to which it is justly entitled.

Date: May 18, 2015

Respectfully submitted,

*/s/ Andrew D. Thomas*
C. Charles Townsend, SBN: 24028053
Walter McInnis, SBN: 24046394
Andrew D. Thomas, SBN: 24060714
AKERMAN LLP
2001 Ross Avenue, Suite 2550
Dallas, Texas 75201
Telephone: 214.720.4300
Facsimile: 214.981.9339
adam.ragan@akerman.com

**ATTORNEYS FOR DEFENDANT NATIONSTAR MORTGAGE LLC**

## CERTIFICATE OF SERVICE

      I hereby certify that on May 18, 2015, a true and correct copy of the foregoing was served through the Court's electronic filing system as follows:

Jarrett L. Ellzey, Jr.
W. Craft Hughes
HUGHES ELLZEY, LLP
Galleria Tower I
2700 Post Oak Blvd., Ste. 1120
Houston, TX  77056
Telephone: 713.554.2377
Facsimile:  888.995.3335
*Attorney for Plaintiffs*

                                       */s/ Andrew D. Thomas*
                                       Andrew D. Thomas