IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DANIELLE GEOFFRION and DARREN KASMIR, | § § § | |
| Plaintiffs, | § § | Case No. 4:14-cv-00350-RC-ALM |
| v. | § § | |
| NATIONSTAR MORTGAGE LLC, | § § | |
| Defendant. | § § | |

## PLAINTIFFS' MOTION IN LIMINE

COME NOW Danielle Geoffrion and Darren Kasmir ("Plaintiffs") before any proceedings in the presence of a jury, before the *voir dire* examination of the jury panel, and before the introduction of any evidence, and file this Motion in Limine. Plaintiffs seek to exclude matters that are inadmissible, irrelevant, or prejudicial to the material issues in this case. If defendant Nationstar Mortgage LLC ("Defendant") injects these matters in this case through a party, an attorney, or a witness, Defendant will cause irreparable harm to Plaintiffs' case that no jury instruction would cure. If any of these matters are directly or indirectly brought to the attention of the jury, Plaintiffs will be compelled to move for a mistrial. In an effort to avoid prejudice and a possible mistrial, Plaintiffs make this Motion in Limine.

### A. GROUNDS

Plaintiffs ask the Court to prohibit Defendant from offering any of the following matters without first asking for a ruling from the Court, outside the jury's presence, on the admissibility of the matter:

1. Any evidence, statement, or argument that Plaintiffs are not legally married. Irrelevant and prejudicial. FED. R. EVID. 402-403.

    Plaintiffs have cohabitated for 22 years and have held themselves out as husband and wife for the entire duration of the period and in the present.

    AGREED: _____X_____    GRANTED: _____    DENIED: _____

2. Any evidence, statement, or argument about Plaintiffs' source of funds to make payments on their mortgage or would use to pay to be reinstated. Irrelevant and prejudicial. FED. R. EVID. 402-403.

    AGREED: _____    GRANTED: _____    DENIED: _____

3. Any evidence, statement, or argument that Plaintiff Geoffrion is related to Jarrett L. Ellzey, counsel for Plaintiffs. Irrelevant and prejudicial. FED. R. EVID. 402-403.

    AGREED: ____X_____    GRANTED: _____    DENIED: _____

## B. CONCLUSION

For these reasons, Plaintiffs ask the Court to instruct Defendant and all attorneys not to mention, refer to, interrogate about, or attempt to convey to the jury in any manner, either directly or indirectly, any of these matters without first obtaining the permission of the Court, outside the presence and hearing of the jury, and to instruct Defendant and all attorneys to warn and caution each of their witnesses to follow the same instructions.

Respectfully submitted,

**HUGHES ELLZEY, LLP**

*/s/ W. Craft Hughes*
W. Craft Hughes
Texas Bar No. 24046123
craft@hughesellzey.com
Jarrett L. Ellzey
Texas Bar No. 24040864
jarrett@hughesellzey.com
2700 Post Oak Blvd., Ste. 1120
Galleria Tower I
Houston, TX 77056
Phone (888) 350-3931
Fax (888) 995-3335

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF CONFERENCE**

Pursuant to LR 7.1, I hereby certify on July 30, 2015 I conferred with Walter McInnis, counsel for Defendant, requesting an agreement to the relief sought in this motion. Counsel for Defendant stated the following in response to Plaintiff's Motion in Limine:

MIL #1: "Agreed"
MIL #2: "Defense counsel contends Plaintiffs cannot testify on subject of their means to make payments on the loan because they refused to testify on the subject during their deposition." Plaintiffs' counsel contends the source of Plaintiffs' funds is irrelevant. Furthermore, the line of questioning on the subject during the deposition was so outside the scope of the claims made in this case that the questions amounted to harassment of the witness. The parties have reached an impasse on this issue and will request the Court resolve the matter prior to trial.
MIL #3: "Agreed"

*/s/ Jarrett L. Ellzey*
Jarrett L. Ellzey

**CERTIFICATE OF SERVICE**

By the execution of my signature below, I certify a true and correct copy of the attached document has been served to all counsel of record pursuant to Rule 5 of the FEDERAL RULES OF CIVIL PROCEDURE on July 30, 2015 ***Via CM/ECF.***

*/s/ W. Craft Hughes*
W. Craft Hughes