## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

**DANIELLE GEOFFRION and**

**DARREN KASMIR,**

**v.**

**NATIONSTAR MORTGAGE LLC,**

§
§
§
§
§
§
§
§
§
§
§
§

**Case No. 4:14-cv-00350**
**Judge Mazzant**

## ORDER ON NATIONSTAR MORTGAGE, LLC'S MOTION IN LIMINE

Before the court is Nationstar Mortgage LLC's (**Nationstar**) Motion in Limine (Dkt. #51). After review of Nationstar's motion, and plaintiffs Danielle Geoffrion and Darren  Kasmir's (**Geoffrion**) responses thereto the court GRANTS Nationstar's Motion in Limine as follows:

IT IS THEREFORE ORDERED:

1.      Any reference to, attempt to argue or attempt to introduce evidence in support of an affirmative claim for relief, affirmative defense or damage theory that has not been timely or properly pleaded or disclosed in discovery.  Such evidence is irrelevant, would be unduly prejudicial to defendant, and would create unnecessary confusion of the issues which may mislead the jury.  The evidence is properly excluded under either Rules 401 or 403 of the Federal Rules of Evidence.

**GRANTED: _____        DENIED: _____X_____**

**MODIFIED: _____**

2.      Any reference to, attempt to argue or attempt to introduce evidence, including testimony from fact and/or expert witnesses, that was not timely or properly disclosed in response to a written discovery request and/or court order.

**GRANTED:** _____      **DENIED:** _____      **AGREED:** __X____

**MODIFIED:** _____

3.      Any reference to negotiations, offers or demands with respect to any attempted settlement, including evidence of conduct or statements made in compromise negotiations.  This evidence is inadmissible pursuant to Rule 408 of the Federal Rules of Civil Procedure.

**GRANTED:** _____      **DENIED:** _____      **AGREED:** __X____

**MODIFIED:** _____

4.      Any reference to discovery disputes that arose during the preparation of the case for trial, any position taken by any party with respect thereto, or to the Court's rulings thereon. This includes the assertion of any objection based on failure to disclose evidence in pre-trial discovery.  Should the plaintiffs desire to urge any such objection, they shall request to approach the bench and urge such objection outside the hearing of the jury.

**GRANTED:** _____X_____      **DENIED:** _____

**MODIFIED:** _____

5.      Any reference to, attempt to argue or attempt to introduce evidence of any statement or report of any person not then and there present in court to testify and to be cross-examined or otherwise suggest to the jury by argument or otherwise what would have been the testimony of any witness not actually called–this includes all witnesses whom counsel have not

arranged to bring to trial in person or by deposition–or comment upon the failure of any party to call witnesses who are subject to subpoena and available to all parties in this cause or suggest to the jury by argument or otherwise what would have been the testimony of any witness not actually called.

**GRANTED:** _____  **DENIED:** _____  **AGREED:**   X____

**MODIFIED:** _____

6.      Any reference to, attempt to argue or attempt to introduce evidence of insurance of any kind.  Whether any party to this action is covered by insurance or has received insurance benefits is entirely immaterial to any issue in this case and inadmissible under Rule 411 of the Federal Rules of Evidence.

**GRANTED:** _____  **DENIED:** _____  **AGREED:**   X____

**MODIFIED:** _____

7.      Any request or demand in the presence of the jury that opposing counsel produce any document or thing, or that opposing counsel or any party or witness exhibit, turn over or allow examination of the contents of any file or briefcase (except that a party may request to see a document being tendered to a witness or otherwise asked to be admitted into evidence or that a witness testifies that he/she has used previously to refresh his/her recollection).

**GRANTED:** _____  **DENIED:** _____  **AGREED:**   X____

**MODIFIED:** _____

8.      Any reference to, attempt to argue or attempt to introduce evidence about the contents of documents not then admitted in evidence, except to establish the predicate for admissibility or impeachment of a witness then on the witness stand.

**GRANTED:** _____      **DENIED:** _____X_____

**MODIFIED:** _____

9.      Showing any documents, photographs or visual aids to the jury, or displaying same in such manner that the jury or any member thereof can see the same, unless and until the same has been tendered to opposing counsel, and has been admitted in evidence or approved for admission or use before the jury, either by the Court or by all counsel.

**GRANTED:** _____      **DENIED:** _____      **AGREED:** __X____

**MODIFIED:** _____

10.     Any request or demand in the presence of the jury for a stipulation to any fact, or that counsel admit or deny any fact.

**GRANTED:** _____      **DENIED:** _____      **AGREED:** __X____

**MODIFIED:** _____

11.     Any expression of any party's personal opinion regarding the credibility of any witness.

**GRANTED:** _____X_____      **DENIED:** _____

**MODIFIED:** _____

12.     Any reference to, attempt to argue or attempt to introduce evidence of the relative size of defendant–in terms of assets, revenue or other measure–as compared to the plaintiffs, or any statements tending to suggest that the outcome should be based upon the party who will be affected the least. Any evidence or statement of this type is irrelevant and would be unduly prejudicial to defendant and create unnecessary confusion of the issues which may mislead the jury. Therefore, the evidence is properly excluded under either Rule 401 or 403 of the Federal Rules of Evidence.

**GRANTED:** __X (as modified)__      **DENIED:** _____

**MODIFIED:** __Any reference to, attempt to argue, or attempt to introduce evidence of the relative size of defendant--in terms of assets, revenue, or other financial characteristics.__

13.     Any argument or suggestion that an award of damages will not affect defendant or that defendant can afford to pay damages or, conversely, that a failure to award damages will cause the plaintiffs privation or financial hardship.

**GRANTED:** _____      **DENIED:** _____      **AGREED:** __X___

**MODIFIED:** _____

14.     Any argument or suggestion that the jurors should put themselves in the position of the plaintiffs or any other party or person.

**GRANTED:** _____      **DENIED:** _____      **AGREED:** __X___

**MODIFIED:** _____

15.     Any reference to, attempt to argue or attempt to introduce evidence or elicit testimony of legal opinions or related to legal issues in this case.  Such opinions are the province of the Court, to be advised by counsel from the counsel table, not the witness stand, to charge the jury.  In addition, a legal opinion from unqualified witnesses is not probative evidence.

**GRANTED:** _____          **DENIED:** _____X_____

**MODIFIED:** _____

16.     Any reference to, attempt to argue or attempt to introduce evidence or elicit testimony about the amount of money any defendant paid to acquire an interest in the loan.  This evidence is irrelevant and would be unduly prejudicial to defendant by creating unnecessary confusion of the issues which may mislead the jury.  Therefore, the evidence is properly excluded under either Rule 401 or 403 of the Federal Rules of Evidence.

**GRANTED:** _____          **DENIED:** _____          **AGREED:** ___X_____

**MODIFIED:** _____

17.     Any reference to, attempt to argue or attempt to introduce evidence or elicit testimony that the attorneys' fees incurred by defendant in this case is evidence of the reasonableness or necessity of attorneys' fees incurred by the plaintiffs.   Such evidence is patently irrelevant. *MCI Telecommunications Corp. v. Crowley*, 899 S.W.2d 399, 403-04 (Tex. App.–Fort Worth 1995, n.p.h.).   Therefore, such evidence would be unduly prejudicial to defendant by creating unnecessary confusion of the issues which may mislead the jury. Therefore, the evidence is properly excluded under either Rule 401 or 403 of the Federal Rules of Evidence.

**GRANTED: _____X_____          DENIED: _____**

**MODIFIED: _____**

18.     Any reference to, attempt to argue or attempt to introduce evidence or elicit testimony related to a "mortgage crisis" or "foreclosure crisis," alleged to have been contributed to by banks, mortgage companies or other financial institutions, in general, or by defendant, in particular, including, but not limited to, other legal proceedings, whether threatened, pending or concluded, including the settlements thereof, related to lending practices, securitization, servicing and/or foreclosure, except that the parties should be permitted to ask prospective jurors generally in *voir dire* if any such news reports will affect their ability to sit as jurors in this case. However, any further reference to these topics, as if they are applicable to the facts of this case when they are not, is irrelevant and would be unduly prejudicial to defendant by creating the impression the merits of this case should be decided based upon anything other than the actions of the defendant in this matter.  The evidence is properly excluded under either Rule 401 or 403 of the Federal Rules of Evidence.

**GRANTED:** \_\_\_\_\_**X**_____       **DENIED:** _____

**MODIFIED:** _____

19.     Any reference to, attempt to argue or attempt to introduce evidence or elicit testimony related to money allegedly paid to banks, mortgage companies or other financial institutions, in general, or to defendant, in particular, by any state or federal government under the Troubled Asset Relief Program (**TARP**) or other related program.  Any reference to these topics, as if they are applicable to the facts of this case when they are not, is irrelevant and would be unduly prejudicial to defendant by creating the impression the merits of this case should be decided based upon anything other than the actions of the defendant in this matter.  The evidence is properly excluded under either Rule 401 or 403 of the Federal Rules of Evidence.

**GRANTED:** _____      **DENIED:** _____      **AGREED:**   X\_\_\_\_

**MODIFIED:** _____

20.     Any reference to, attempt to argue or attempt to introduce evidence of defendant's alleged obligations under any state or federal loan modification program such as TARP, the Making Home Affordable Program (**MHA**), or the Home Affordable Modification Program (**HAMP**), as well as any attempt by the plaintiffs to testify, reference, identify, or question any witness regarding his alleged application for any relief offered under any such programs.  This evidence is irrelevant and not probative of any of the plaintiffs' claims, and would cause unnecessary confusion of the issues which may mislead the jury.

**GRANTED:** _____      **DENIED:** _____      **AGREED:**   X\_\_\_\_

**MODIFIED:** _____

21.     That this motion has been filed, or any ruling by this court in response to this motion, suggesting or inferring to the jury that defendant moved to prohibit or limit the evidence or arguments, or that the court has excluded or limited the evidence or arguments, or that because a motion in limine has been filed there are certain facts, evidence or arguments which cannot be presented to the jury.

**GRANTED:** _____          **DENIED:** _____          **AGREED:** ___X____

**MODIFIED:** _____


22.     Defendant further request the Court instruct the Plaintiffs not to make any statements to, or in the hearing and presence of, the jury that would inform the jury of or allude to any of the foregoing matters until such testimony or statement has first been presented to the Court outside the hearing and presence of the jury and the Court's ruling has been obtained thereon; and that the Plaintiffs be instructed to **inform all witnesses** called by them not to make any statement to, or in the hearing and presence of, the jury that would inform the jury of or allude to any of the foregoing matters until such testimony or statement has first been presented to the Court outside the hearing and presence of the jury and the Court's ruling has been obtained thereon.

**GRANTED:** _____X_____          **DENIED:** _____

**MODIFIED:** _____

23.     Any reference to or attempt to introduce evidence by plaintiffs or their counsel of any fact that was the subject of a question prosed to plaintiffs at their depositions and that plaintiffs refused to answer.

**GRANTED: \_\_\_\_X_____          DENIED: _____**

**MODIFIED: _____**

24.     Any reference to or attempt to introduce evidence from a fact witntess not designed by first and last name or otherwise in such a manner to identify the witness specifically prior to trial.

**GRANTED: \_\_\_\_\_X_____          DENIED: _____**

**MODIFIED: _____**

**SIGNED this 21st day of August, 2015.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE