IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| DANIELLE GEOFFRION and DARREN KASMIR, § § § § v. § § NATIONSTAR MORTGAGE LLC, § § § § § | Case No. 4:14-cv-00350 Judge Mazzant |

# JOINT FINAL PRE-TRIAL ORDER

This cause came before the court at a pre-trial management conference held on August 21, 2015, pursuant to Local Rule CV-16 and Rule 16 of the Federal Rules of Civil Procedure.

A.     COUNSEL FOR THE PARTIES

Plaintiff Danielle Geoffrion and Darren Kasmir

    Hughes Ellzey, LLP
    W. Craft Hughes
    Jarrett L. Ellzey
    2700 Post Oak Blvd., Ste. 1120
    Galleria Tower I
    Houston, TX 77056
    Phone (713) 554-2377
    Fax (888) 995-3335

Defendant Nationstar Mortgage LLC:

    Michael J. McKleroy Jr.
    Walter McInnis
    C. Charles Townsend
    Andrew D. Thomas
    Akerman LLP
    2001 Ross Avenue, Suite 2550
    Dallas, Texas 75201
    (214) 720-4300 Telephone
    (214) 981-9339 Facsimile

B.   **STATEMENT OF JURISDICTION**

The Court has jurisdiction of this lawsuit pursuant to 28 U.S.C. 1332(a)(1) because the plaintiff and the defendants are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of costs and interest. Venue is proper in this District under 28 U.S.C. § 1391(a)(2)/§ 1391(b)(2) because all or a substantial part of the property at issue is situated in this District. Jurisdiction is not disputed.

C.   **NATURE OF ACTION**

This is a case involving Plaintiffs' mortgage loan on their home and whether defendant Nationstar allegedly violated REAL ESTATE SETTLEMENT PROCEDURES ACT ("RESPA") in the servicing of Plaintiffs' mortgage loan. Plaintiffs have also sued for breach of contract and in equity for an accounting.

D.   **CONTENTIONS OF THE PARTIES**

Plaintiffs allege to have "sent Defendant qualified written requests for information regarding their account" and an accounting of all payments made on their mortgage account.[1] Plaintiffs further allege Nationstar violated RESPA because they "failed to provide information required by federal law."[2] Plaintiffs further allege that Defendant breached its contract with Plaintiffs by misallocating certain mortgage payments Plaintiffs sent to Defendants. Plaintiffs have also sued in equity to receive and accounting from Defendant.

---

[1] *See* Plaintiffs' First Amended Complaint, ¶ 21, p. 7 [Dkt. No. 7]. The federal statutory definition of a "qualified written request" is explained in RESPA as being: "a written correspondence…that-- (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and (ii) includes a statement of the reasons for the belief of the borrower…that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." *See* 12 U.S.C. § 2605 (e)(1)(B).

[2] *i.e.*, RESPA. *See* Plaintiffs' First Amended Complaint, ¶ 22, p. 7 [Dkt. No. 7].

Defendants respond to Plaintiffs that the letters to Nationstar did not trigger any obligation under the law to which Plaintiffs refer.[3] Defendant contends the communications Plaintiffs sent do not meet the statutory definition of qualified written requests, were not sent to the address to which such requests must be sent to trigger an obligation to respond, and were overly broad, unduly burdensome, and sought "discovery type" information regarding Plaintiffs' account. Defendant asserts Plaintiff breached its contract with Defendant prior to any alleged breach by Defendant, therefore any breach by Defendant is not a proper basis for Plaintiff to recover from Defendant. Defendant contends Plaintiffs have not been damaged in a fashion to entitle them to recover damages in this lawsuit from Nationstar. Defendant alleges the accounting claim is not well-founded because there is no issue of sufficient complexity to justify relief per that claim.

**E.     STIPULATIONS AND UNCONTESTED FACTS**

- On or around August of 2003, Plaintiffs purchased a single-family home located at 934 Dunsmuir Avenue, Los Angeles, California 90036 (the "Property").
- After purchasing the Property in 2003, Plaintiffs refinanced their mortgage with Metrociti.
- Danielle Geoffrion signed a promissory note on June 30, 2004 payable to the order of Metrocities Mortgage, LLC in the original principal amount of $606,700.00.
- To secure repayment of the Note, plaintiffs executed a deed of trust encumbering the property. (The June 30, 2004 note and deed of trust are the "Loan.")

---

[3] In the deposition of Nationstar's corporate representative Fay Janati, defense counsel stipulated on the record that Nationstar received at least six (6) written letters from Plaintiffs and/or their representatives requesting information about their mortgage; and the supporting documents were attached as an exhibit to the deposition of Fay Janati.

- BAC Home Loans Servicing, LP (BAC) and Bank of America, N.A. (BANA) were mortgage servicers for the Loan before Nationstar.
- Defendant contends Plaintiffs are delinquent on their account.

**F.      CONTESTED ISSUES OF FACT AND LAW**

The parties dispute whether plaintiffs defaulted on the Loan, when they defaulted, how many payments were missed, and whether plaintiffs breached the loan by failing to make their monthly payments.

Defendant contends Plaintiffs' RESPA claims fail as a matter of law because plaintiffs' letters to Nationstar were not qualified written requests (QWRs), were not sent to the address designated by Nationstar for QWRs, or were overly broad, unduly burdensome, and sought discovery-type information regarding plaintiffs' loan.

Defendant contends Plaintiffs' breach of contract claim fails as a matter of law because plaintiffs were in breach of the terms of the loan at the time of the alleged breach by Nationstar.

Defendant contends Plaintiffs are not entitled to an accounting because their loan account was not so complex plaintiffs could not have acquired whatever information they felt was lacking through the discovery process.

**G.      LIST OF WITNESSES**

**Danielle Geoffrion**
**Darren Kasmir**
**Plaintiffs**
c/o Jarrett L. Ellzey
HUGHES ELLZEY, LLP
Galleria Tower I
2700 Post Oak Blvd., Suite 1120
Houston, Texas 77056
Phone (713) 554-2377
Fax (888) 995-3335

**Faye Janati and/or A.J. Loll[4]**
**Corporate Representative of defendant Nationstar Mortgage LLC**
c/o C. Charles Townsend
Walter McInnis
Andrew Thomas
AKERMAN, LLP
2001 Ross Avenue, Suite 2550
Dallas, Texas 75201
(214) 720-4300 – Telephone
(214) 981-9339 – Telecopier

**Sara J. Fendia**
ATTORNEY AT LAW
5020 Montrose Blvd., Ste. 300
Houston, Texas 77006
Phone (713) 588-8871
Fax (713) 338-2347

**Carla, Adrian, & Garrett**
**Plaintiffs Allege Employees, Representatives, or Agents of Nationstar Mortgage LLC[5]**

H.  **LIST OF EXHIBITS**

The parties filed separately.

I.  **LIST OF ANY PENDING MOTIONS**

None.

J.  **PROBABLE LENGTH OF TRIAL**

The probable length of trial is 3 days.  This case is a jury trial.

K.  **MANAGEMENT CONFERENCE LIMITATIONS**

None.

L.  **CERTIFICATIONS**

The undersigned counsel for each of the parties in this action do hereby certify and acknowledge the following:

---

[4] The parties have a dispute regarding whether Nationstar may designate Mr. Loll as its representative.
[5] The parties have a dispute regarding whether these witnesses are appropriately designated.

(1) Full and complete disclosure has been made in accordance with the Federal Rules of Civil Procedure and the Court's orders;

(2) Discovery limitations set forth in the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders have been complied with and not altered by agreement or otherwise;

(3) Each exhibit in the List of Exhibits herein:

    (a) is in existence;
    (b) is numbered; and
    (c) has been disclosed and shown to opposing counsel.

**APPROVED AS TO FORM AND SUBSTANCE:**

__*/s/ Jarrett L. Ellzey*_____
Jarrett L. Ellzey, Attorney for Plaintiff

_*/s/ Walter McInnis*_____
Andrew D. Thomas., Attorney for Defendant

   **SIGNED this 24th day of August, 2015.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE