# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| DANIELLE GEOFFRION and | § | |
| DARREN KASMIR | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:14-CV-350 |
| | § | Judge Mazzant |
| NATIONSTAR MORTGAGE LLC | § | |

## JURY CHARGE

**MEMBERS OF THE JURY**:

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression.  If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case.  Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence.  The statements of counsel are not evidence; they are only arguments.  It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest.  What the lawyers say or do is not evidence.  You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence

1

admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict.

**Burden of Proof**

Plaintiffs Danielle Geoffrion and Darren Kasmir ("Plaintiffs") have the burden of proving their case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Plaintiffs have failed to prove any element of their claim by a preponderance of the evidence, then they may not recover on that claim.

**Evidence**

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

**Demonstrative Evidence**

Some exhibits have been presented to you as illustrations. Demonstrative evidence can be used to describe something involved in this trial. If your recollection of the evidence differs from the exhibit, rely on your recollection.

**Witnesses**

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness' manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

**Expert Witnesses**

When knowledge of technical subject matter may be helpful to the jury, a person who has

special training or experience in that technical field is permitted to state his or her opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely on it.

**Instruction Regarding Juror Questions**

As I told you in my preliminary instructions, I have given you the opportunity to give me written questions anonymously after a witness testified when you had an important question of the witness that was strictly limited to the substance of the witness' testimony. Remember that I asked you not to be offended if I did not present your question to be answered by the witness. You should not speculate on the answer to any unasked question and you should not speculate on or consider any facts or events outside the testimony and exhibits you have heard and seen in this courtroom.

**Limiting Instruction**

When testimony or an exhibit is admitted for a limited purpose, you may consider that testimony or exhibit only for the specific limited purpose for which it was admitted.

**Impeachment by Witness's Inconsistent Statement**

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

**No Inference from Filing Suit**

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

**Bias—Corporate Party Involved**

Do not let bias, prejudice or sympathy play any part in your deliberations. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

**Stipulations of Fact**

A "stipulation" is an agreement. When there is no dispute about certain facts, the attorneys may agree or "stipulate" to those facts. You must accept a stipulated fact as evidence and treat that fact as having been proven here in court. Here the parties have stipulated to the following:

1. On or around August of 2003, Plaintiffs purchased a single-family home located at 934 Dunsmuir Avenue, Los Angeles, California 90036 (the "Property").

2. After purchasing the Property in 2003, Plaintiffs refinanced their mortgage with Metrociti.

3. Danielle Geoffrion signed a promissory note on June 30, 2004 payable to the order of Metrocities Mortgage, LLC in the original principal amount of $606,700.00.

4. To secure repayment of the Note, Plaintiffs executed a deed of trust encumbering the property. (The June 30, 2004 note and deed of trust are the "Loan.")

5. Nationstar received at least six (6) written letters from Plaintiffs and/or their representatives requesting information about their mortgage.

6. BAC Home Loans Servicing, LP (BAC) and Bank of America, N.A. (BANA) were mortgage servicers for the Loan before Nationstar.

7. Nationstar contends Plaintiffs are delinquent on their account.

**Real Estate Settlement Practices Act ("RESPA")**

Plaintiffs allege Nationstar violated RESPA by failing to adequately respond to their qualified written requests on November 14, 19, and 20, 2013; December 16, 2013; January 3 and 17, 2014; and February 11, 2014. To prove a claim for violation of RESPA Plaintiffs must show: (1) Plaintiffs sent Nationstar a valid qualified written request to its designated address; (2) Nationstar failed to adequately respond within the statutory period; and (3) Plaintiffs are entitled to damages.

You must determine if the letters sent by Plaintiffs are "qualified written requests" as defined by the law. A letter is a qualified written request if it is a written correspondence, other than notice on a payment coupon or other payment medium supplied by Nationstar, that (i) includes, or otherwise enables Nationstar to identify, the name and account of the Plaintiffs; and (ii) includes a statement of the reasons for the belief of Plaintiffs, to the extent applicable, that the account is in error or provides sufficient detail to Nationstar regarding other information sought by Plaintiffs.

A qualified written request must seek information relating to the servicing of the Loan. "Servicing" means receiving any scheduled periodic payments from Plaintiffs pursuant to the terms of the Loan, including amounts for escrow accounts and making the payments of principal and interest and such other payments with respect to the amounts received from Plaintiffs as may be required pursuant to the terms of Loan.

Requests that are overbroad and unduly burdensome do not qualify as a qualified written request and thus, do not require a response.

If you determine that any of the letters are a qualified written request, you must decide if Nationstar violated any of its duties to Plaintiffs. Once Nationstar receives a qualified written request, its duty to respond is generally triggered. An exception to the rule exists if Nationstar established a separate and exclusive office and address for the receipt and handling of qualified written requests by notice either included in the Notice of Transfer or separately delivered by first-class mail, postage prepaid. In such instances, Nationstar's duty to respond to a qualified written request is triggered only if the Plaintiffs send their qualified written request to the designated address if given notice of the address to use.

Nationstar's alleged failure to timely or completely reply to a qualifying qualified written request is a violation of RESPA if Plaintiffs suffer and prove actual damages due to the violation. Actual Damages are a result of the lender's failure to comply with RESPA. Actual damages include pecuniary loss and mental anguish. Pecuniary loss includes costs associated with mailing letters and costs such as interest, fees, time spent corresponding with servicer, and other charges accruing as a result of Nationstar's alleged failure to timely reply to a qualified written request. Mental anguish damages include humiliation or mental distress that results from Nationstar's alleged failure to timely reply to a qualified written request. Plaintiffs must present specific evidence to establish a causal link between Nationstar's violations and their injuries. Plaintiffs' testimony alone may support an award of damages for emotional distress if the testimony establishes that Plaintiffs suffered demonstrable emotional distress that is sufficiently articulated.

If you find that Nationstar has violated RESPA, you will need to determine if Plaintiffs have demonstrated that Nationstar has a pattern or practice of noncompliance with the requirements of RESPA. A pattern or practice means a standard or routine way of operating. There is no magic number of violations that create a pattern or practice of noncompliance.

**Consider Damages Only if Necessary**

If Plaintiffs have proved their claims against Nationstar by a preponderance of the evidence, you must determine the damages to which Plaintiffs are entitled. You should not interpret the fact that I am giving instructions about Plaintiffs' damages as an indication in any way that I believe that Plaintiffs should, or should not, win this case. It is your task first to decide whether Nationstar is liable. I am instructing you on damages only so that you will have guidance in the event you decide that Nationstar is liable and that Plaintiffs are entitled to recover money from Nationstar.

**Compensatory Damages**

If you find that Nationstar is liable to Plaintiffs, then you must determine an amount that is fair compensation for all of Plaintiffs' damages. These damages are called compensatory damages. The purpose of compensatory damages is to make Plaintiffs whole—that is, to compensate Plaintiffs for the damage that they have suffered. Compensatory damages are not limited to expenses that Plaintiffs may have incurred because of their injury. If Plaintiffs win, they are entitled to compensatory damages for the injury they have suffered because of Nationstar's wrongful conduct.

You may award compensatory damages only for injuries that Plaintiffs prove were proximately caused by Nationstar's allegedly wrongful conduct. The damages that you award must be fair compensation for all of Plaintiffs' damages, no more and no less. You should not

award compensatory damages for speculative injuries, but only for those injuries that Plaintiffs have actually suffered or that Plaintiffs are reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that Plaintiffs prove the amount of their losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence. You should consider the elements of damage, to the extent you find them proved by a preponderance of the evidence: the pecuniary damages elements and the mental anguish damages elements described above.

**Accounting**

Plaintiffs are suing Nationstar to obtain an accounting of the Loan. An action for accounting is a system of establishing financial accounts. An accounting should only be called for when the facts and accounts at issue are so complex that the information provided is not enough to determine the amount owed by or owed to the Plaintiff.

**Duty to Deliberate; Notes**

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a jury foreperson to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your jury foreperson must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the jury foreperson should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.
**SIGNED this 10th day of September, 2015.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE