# United States District Court

### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

DANIELLE GEOFFRION and      §
DARREN KASMIR      §
     §
v.      §      Case No. 4:14-cv-350
     §      Judge Mazzant
NATIONSTAR MORTGAGE LLC      §
     §

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiffs' Amended Motion for Attorney's Fees, and Non-Taxable Expenses (Dkt. #82). After considering the relevant pleadings, the Court finds that it should be granted in part and denied in part.

## BACKGROUND

Plaintiffs allege to have sent Defendant Qualified Written Requests ("QWR"s) for information regarding their account and an accounting of all payments made on their mortgage account (Dkt. #64 at p. 2). Plaintiffs further allege Defendant violated the Real Estate Settlement and Procedures Act 12 U.S.C. ¶ 2605(a) ("RESPA") because Defendant failed to provide information required by federal law (Dkt. #64 at p. 2). Plaintiffs also sued in equity to receive an accounting from Defendant (Dkt. #64 at p. 2).

The case proceeded to trial, and trial began on September 9, 2015 (Dkt. #72). On September 10, 2015, the jury rendered a verdict finding that Plaintiffs submitted QWRs to Defendant on December 16, 2013, and on January 3, 2014 (Dkt. #76 at p. 1). The jury found that Defendant failed to respond or provided an inadequate response to the QWR that Plaintiffs sent on January 3, 2014 (Dkt. #76 at p. 2). The jury also found that Plaintiffs were entitled to recover damages caused by Defendant's failure to respond to Plaintiffs' QWR (Dkt. #76 at p. 3).

On September 14, 2015, the Court entered Judgment on Jury Verdict in which the Court ordered that "all pre-judgment and/or post judgment interest allowed by law shall be paid by Defendant" (Dkt. #78 at p. 2). On September 28, 2015 Plaintiffs filed a motion for attorneys' fees and non-taxable expenses (Dkt. #82). On October 12, 2015, Defendant filed its response (Dkt. #88).

## ANALYSIS

RESPA provides that

> "[w]hoever fails to comply with any provision of this section **shall be liable** to the borrower… **in the case of any successful action** under this section, **the costs of the action, together with any attorneys fees incurred** in connection with such action as the court may determine to be reasonable under the circumstances.

12 U.S.C.A. § 2605(f)(3) (emphasis added). Plaintiffs request $199,320 for attorneys' fees and $17,259.71 in expenses (Dkt. #82 at p. 1). The expenses include $2,143.97 in taxable expenses and $15,115.74 in non-taxable expenses (Dkt. #82 at p. 1). Defendant argues that Plaintiffs may only recover fees for a reasonable number of hours (Dkt. #88 at p. 5). Defendant maintains that since Plaintiffs only succeeded on a small fraction of their claims, and failed to demonstrate billing judgment, they cannot recover the requested fees (Dkt. #88 at pp. 6-10). Defendant also argues that "Plaintiffs' attorneys' rate of $550 is not sufficiently supported by evidence and is not reasonable for either the type of work or the market." (Dkt. #88 at pp. 11-14).

The computation of a reasonable attorneys' fee award is a two-step process. *Rutherford v. Harris County, Texas*, 197 F.3d 173, 192 (5th Cir. 1999) (citation omitted). First, the court must utilize the lodestar analysis to calculate a "reasonable" amount of attorneys' fees. *Id.* The lodestar is equal to the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work. *Id.* Second, in assessing the lodestar amount, the court must consider the twelve *Johnson* factors before final fees can be calculated. *Id.*

The *Johnson* factors are:

> (1) time and labor required; (2) novelty and difficulty of issues; (3) skill required; (4) loss of other employment in taking the case; (5) customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by client or circumstances; (8) amount involved and results obtained; (9) counsel's experience, reputation, and ability; (10) case undesirability; (11) nature and length of relationship with the client; and (12) awards in similar cases.

*Id*. at 192 n.23 (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)).

After considering the twelve *Johnson* factors, the court may adjust the lodestar upward or downward. *Shipes v. Trinity Indus.*, 987 F.2d 311, 320 (5th Cir. 1993). "If the plaintiff obtained limited success, the hours reasonably spent on the case times the reasonable hourly rate may be excessive." *Virginia McC v. Corrigan-Camden Indep. Sch. Dist.*, 909 F. Supp. 1023, 1032 (E.D. Tex. 1995). "'[T]he most critical factor' in determining the reasonableness of an attorney's fee award 'is the degree of success obtained.'" *Giles v. Gen. Elec. Co.*, 245 F.3d 474, 491 n.31 (5th Cir. 2001) (quoting *Farrar v. Hobby*, 506 U.S. 103, 113 (1992)); *see also Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998). "The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success." *Virginia McC*, 909 F. Supp. at 1032 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983)).

The fee applicant bears the burden of proof on this issue. *See Riley v. City of Jackson, Miss.*, 99 F.3d 757, 760 (5th Cir. 1996); *Louisiana Power & Light Co. v. KellStrom*, 50 F.3d 319, 324 (5th Cir. 1995). "Many of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate and should not be double-counted." *Jason D.W. v. Houston Indep. Sch. Dist.*, 158 F.3d 205, 209 (5th Cir. 1998) (internal citations omitted).

The United States Supreme Court has barred any use of the sixth factor as a basis for enhancement of attorneys' fees. *See Walker v. United States Dep't of Hous. & Urban Dev.*, 99 F.3d 761, 772 (5th Cir. 1996) (citing *City of Burlington v. Dague*, 505 U.S. 557, 567 (1992)). In addition, three of the *Johnson* factors – complexity of the issues, results obtained, and preclusion of other employment – are fully reflected and subsumed in the lodestar amount. *Heidtman v. Cty. of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999). "[T]he court should give special heed to the time and labor involved, the customary fee, the amount involved and the result obtained, and the experience, reputation and ability of counsel." *Migis*, 135 F.3d at 1047 (citation omitted).

The lodestar is presumptively reasonable and should be modified only in exceptional cases. *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). The fee-seeker must submit adequate documentation of the hours reasonably expended and of the attorney's qualifications and skill, while the party seeking reduction of the lodestar must show that a reduction is warranted. *Hensley*, 461 U.S. at 433; *Louisiana Power & Light Co.*, 50 F.3d at 329.

## A.   LODESTAR

### 1.   *Hours Expended*

Plaintiffs seek $199,320 in attorneys' fees for 362.4 hours expended (Dkt. #82 at pp. 1-3). The hours expended are divided as follows:

> W. Craft Hughes ("Mr. Hughes")…….. 143.7 hours
>
> Jarett L. Ellzey ("Mr. Ellzey")………. 218.7 hours[1]

Plaintiffs assert that "[t]his was a leanly-staffed case in which every minute of work reflected on the timesheets of Plaintiffs' counsel was necessary and well-spent." (Dkt. #82 at p. 8).[2]

---

[1] Plaintiffs' counsel states that they waived and deleted 13.7 hours of fees billed by Brian B. Kirkpatrick, an associate who is no longer employed by Plaintiffs' counsel's firm. However, Plaintiffs' counsel does not state that they waived Mr. Kilpatrick's fees because it was excessive, duplicative, or otherwise unnecessary (Dkt. #82 at p. 6, Dkt. #88 at p. 8).

Defendant argues that "[b]ecause Plaintiffs dropped their breach of contract claim, they cannot recover attorneys' fees incurred to further it" and the calculation of hours reasonably spent on the RESPA claim must be significantly reduced (Dkt. #88 at p. 7). Defendant also argues that Plaintiffs' counsel failed to demonstrate billing judgment (Dkt. #88 at pp. 8-10). For the reasons stated below, Plaintiffs' counsel expended an unreasonable number of hours on this case.

Defendant maintains that Plaintiffs' counsel's hours should be reduced because they billed for tasks more suited to support staff or junior attorneys, and charged partner rates for those tasks (Dkt. #88 at p. 10). "Clerical work . . . should be compensated at a different rate from legal work." *Walker*, 99 F.3d at 770. *See Cruz v. Hauck*, 762 F.2d 1230, 1235 (5th Cir. 1985) ("A finding that some of the hours claimed were for clerical work may justify compensating those hours at a lower rate...."); *Johnson*, 488 F.2d at 717 ("It is appropriate to distinguish between legal work, in the strict sense, and investigation, clerical work, compilation of facts and statistics and other work which can often be accomplished by non-lawyers...."). The Court agrees that the filing of legal documents, the calendaring of events, and communications regarding scheduling issues, are all clerical in nature. *See Lewallen v. City of Beaumont*, No. CIV.A. 1:05-CV-733TH, 2009 WL 2175637, at *6 (E.D. Tex. July 20, 2009), *aff'd*, 394 F. App'x 38 (5th Cir. 2010) (finding that basic communications and case organization are "largely clerical or housekeeping matters and not legal work") (citation omitted). Defendant asserts that 3.5 hours were billed for clerical rather than legal tasks (Dkt. #88-2). The Court agrees with all

---

[2] Defendant also argues that because Plaintiffs have not produced their retainer agreement with their counsel, and because Plaintiff Geoffrion is Plaintiffs' counsel's sister, there is insufficient evidence that Plaintiffs "incurred" or are obligated to pay any fees (Dkt. #88 at p. 4). Defendant maintains that plaintiffs' motion for fees contains no evidence establishing the extent to which Plaintiffs are contractually obligated to pay, "save a self-serving statement of Plaintiffs' counsel" (Dkt. #88 at p. 4). Plaintiffs' counsel even stated in his affidavit that Plaintiffs "retained me and my law firm . . . to represent them in this suit . . . on an hourly basis of $550/hour" (Dkt. #82-1 at p. 3). The Court finds that the bill included with Plaintiffs' counsel's affidavit, the affidavit, and the motion are sufficient evidence that Plaintiffs retained Plaintiffs' counsel at the rate that Plaintiffs' counsel claims (Dkt. #82, 82-1, 82-2).

of Defendant's designations of specific billed tasks that were clerical.[3]  Therefore, the Court will subtract the time spent on clerical work from each attorney's total when calculating the reasonable number of hours.[4]

Defendant also maintains that because Plaintiffs' counsel does not employ any junior attorneys, Plaintiffs' counsel necessarily did work that should have been done by a junior attorney and billed at a lower rate (Dkt. #88 at p. 10).  "The Court recognizes that good attorneys litigate in their own manner and does not require an attorney to practice in a certain way." *McClain v. Lufkin Indus., Inc.*, No. CIV. A. 9:97-CV-063, 2009 WL 921436, at *5 (E.D. Tex. Apr. 2, 2009), *aff'd in part, vacated in part, remanded*, 649 F.3d 374 (5th Cir. 2011).  While Plaintiffs' counsel "engaged in tasks often associated with attorneys more junior than [themselves], it is possible that they completed those tasks more quickly, and with less need for subsequent review and revision by another attorney.  *Id.* (citing *League of United Latin American Citizens No. 4552 (LULAC) v. Roscoe Independent School Dist.*, 119 F.3d 1228, 1233, n.3 (5th Cir. 1997)).  Therefore, the Court will not reduce the calculation of the reasonable number of hours because Plaintiffs' counsel did not utilize a junior attorney.

Defendant also argues that Plaintiffs' counsel's travel time should not have been billed at a full rate (Dkt. #88 at p. 10).  Courts often reduce working and non-working travel time.  *See In re Babcock & Wilcox Co.*, 526 F.3d 824, 828 (5th Cir. 2008) (per curiam) (noting that generally "it is not an abuse of discretion to discount non-working (and even working) travel time"); *see also Watkins*, 7 F.3d at 458–59 (holding that the district court did not abuse its discretion by reducing the hourly rate billed by 50% for travel time); *OneBeacon Ins. Co. v. T. Wade Welch &*

---

[3] Defendant designated 3 hours of Mr. Ellzey's time as clerical, and .5 hours of Mr. Hughes' time as clerical (Dkt. #88-2).
[4] *See Lewallen v. City of Beaumont*, No. CIV.A. 1:05-CV-733TH, 2009 WL 2175637, at *6 (E.D. Tex. July 20, 2009), *aff'd*, 394 F. App'x 38 (5th Cir. 2010) (finding that "fees will not be awarded for [clerical] work).

*Assoc.*, No. H-11-2061, 2015 WL 5098552, at *7 (S.D. Tex. Aug. 31, 2015) (reducing travel

time by fifty percent). Plaintiffs' counsel "did not provide any evidence that work was done

during this travel and did not demonstrate that comparably skilled practitioners charge their full

hourly rate for travel time." *Am. Zurich Ins. Co. v. Jasso*, 598 F. App'x 239, 250 (5th Cir. 2015).

"Because Plaintiffs have not met their burden of showing the common practice in the area is to

charge full rates for travel time and Defendants have provided contrary authority, the Court

reduces Plaintiffs' attorneys' fee award by 50% for travel time." *Coe v. Chesapeake Expl., LLC*,

No. 2:09-CV-290-TJW, 2011 WL 4356728, at *4-5 (E.D. Tex. Sept. 15, 2011), *aff'd sub nom.*

*Coe v. Chesapeake Expl., L.L.C.*, 695 F.3d 311 (5th Cir. 2012). Defendant estimates that 43

hours of Plaintiffs' counsel's billed time was spent traveling (Dkt. #88-2). The Court finds that

43 hours of Plaintiffs' counsel's travel time (18 hours of Mr. Ellzey's time and 25 hours of Mr.

Hughes' time) should be billed at 50% of their regular rate.[5]

Defendant argues that because Plaintiffs succeeded on only a small fraction of their

claims, the lodestar calculation of hours reasonably spent to succeed on the RESPA claim must

be significantly reduced (Dkt. #88 at pp. 5-7). Work done by attorneys on unsuccessful claims

cannot be considered to have been expended for the result achieved. *Hensley*, 461 U.S. at 435

(1983). As the Supreme Court explained: "The congressional intent to limit awards to prevailing

parties requires that these unrelated claims be treated as if they had been raised in separate

lawsuits, and therefore no fee may be awarded for services on the unsuccessful claim." *Id.* In

determining which hours to include and exclude from the lodestar, "[t]he district court may

---

[5] The Court calculated the 43 hours of travel based on the estimations that Defendant submitted (Dkt. #88-2). The Court finds Defendant's estimations to be reasonable. However, Defendant further argues that the travel time was block billed, and thus it is impossible to tell how long Plaintiffs' counsel spent traveling. However, upon examination of the bill, the Court finds that "[a]lthough there is some block billing, the Court does not see that block billing was the normal method of recording attorney time, at least, not to the extent that requires a reduction of the lodestar amount." *Pittman v. McClain's R.V., Inc.*, No. 4:12CV542, 2013 WL 6804658, at *3 (E.D. Tex. Dec. 23, 2013). Therefore, the Court will use the numbers that Defendant suggests.

attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success." *Id.* at 436-37. A party "cannot have prevailed on issues they did not pursue." *Walker*, 99 F. 3d at 769.

The Court agrees that Plaintiffs may not recover attorneys' fees for their breach of contract claim.[6] However, according to the bill, it appears that the vast majority of time spent was on the RESPA claim. In fact, Plaintiffs' counsel only mentioned the breach of contract claim once in its entire billing statement, although the bill mentions RESPA twelve times (Dkt. #82-2). Clearly, the majority of Plaintiffs' counsel's billed time was spent on the RESPA claim.

However, the Court cannot ignore that even though Plaintiffs' counsel only billed for the breach of contract claim explicitly once, Plaintiffs' counsel included this unsuccessful claim in the bill. Additionally, Plaintiffs' counsel does not claim to have lowered the overall number of hours to reflect that all time spent on the breach of contract claim was excluded from the bill. In fact, Plaintiffs' counsel stated that it was unnecessary for them to segregate fees for failed claims and successful claims (Dkt. #82-1 at p. 7). This demonstrates that Plaintiffs' counsel clearly did not understand the necessity of excluding fees associated with unsuccessful claims from the bill, and that they made no attempt to exclude fees related to their failed claim (Dkt. #82-1 at p. 7). Therefore, the Court finds that an overall reduction in the fees by 5% is appropriate.

Defendant also argues that Plaintiffs' counsel failed to demonstrate billing judgment, and therefore, there should be a reduction of the award by a percentage intended to substitute for the exercise of billing judgment (Dkt. #88 at p. 8). The party seeking fees has "the burden of

---

[6] The Court also agrees that in this case, the equitable accounting claim does not constitute an independent basis for recovering fees (Dkt. #88 at p. 7). *See Gate Guard Serv. v. Perez*, 792 F. 3d 554, 560 (5th Cir. 2015) (the equity court's power to award fees is limited to situations where "overriding considerations indicate the need for such a recovery" or "the interests of justice so require"). However, the equitable accounting claim is closely intertwined with the RESPA claim. "Whether . . . claims are inextricably tied is a question of fact." *Wal-Mart Stores, Inc. v. Qore, Inc.*, 647 F.3d 237, 247 (5th Cir. 2011). These claims involved the exact same set of facts. *See Hensley*, 461 U.S. at 434-35. Therefore, the Court finds that the RESPA claim and the equitable accounting claim were inextricably tied, and Plaintiffs' counsel can recover for fees associated with the equitable accounting claim.

showing . . . that the attorneys exercised billing judgment." *Black v. SettlePou, P.C.*, 732 F. 3d 492, 502 (5th Cir. 2013) (citing *Saizan v. Delta Concrete Prods. Co., Inc.*, 448 F. 3d 795, 799 (5th Cir. 2006)). Billing judgment is defined as "documentation of the hours charged and of the hours written off as unproductive, excessive, or redundant." *Saizan*, 448 F. 3d at 799.

Defendant maintains that Plaintiffs' counsel demonstrated a lack of billing judgment when they inconsistently billed significant hours to gain experience and expertise on the issues concerning RESPA while also billing at a high rate for their experience and expertise (Dkt. #88 at p. 9). However, the Court does not find it inconsistent for an attorney to bill a high rate for their experience and expertise as a litigator, and also charge for gaining expertise in the particular matter at hand. *See* Dkt. #88-1 at p. 2 (stating that "I have considerable knowledge, training and experience in the field of civil trial law and consumer protection."); Dkt. #82-1 at p. 6 (stating that "[a] large amount of time was expended for the lawyers to learn the precise issues concerning RESPA"). Therefore, the Court finds that Plaintiffs' counsel's fees for gaining experience and expertise in RESPA does not demonstrate a lack of billing judgment.

Defendant argues that Plaintiffs' counsel also failed to demonstrate billing judgment because they did not document hours written off as unproductive, excessive, or redundant (Dkt. #88 at p. 8). Plaintiffs' counsel maintains that they exercise billing judgment on the "front end" by not including time that they do not think is justifiable (Dkt. 82-1 at p. 7). However, the bill itself reflects that Plaintiffs' counsel did not exercise billing judgment (Dkt. #82-2).

Defendant points to several specific areas of the bill which appear to be duplicative (Dkt. #88-2). The Court agrees that several of Plaintiffs' counsel's billed hours were redundant. "The proper remedy for omitting evidence of billing judgment does not include a denial of fees but, rather, a reduction of the award by a percentage intended to substitute for the exercise of billing

judgment." *Saizan*, 448 F.3d at 799. Defendant alleges that 27.1 hours billed by Plaintiffs' counsel are redundant, which is about 7.5% of the total hours billed. However, the Court does not agree that every one of these entries is actually redundant. For example, Defendant marked as duplicate every instance where Plaintiffs' attorneys conferred about the case, and both attorneys charged for the conference (Dkt. #88-2). However, "[a] certain amount of attorney conferences are necessary to manage a case." *White v. Imperial Adjustment Corp.*, No. CIV.A. 99-3804, 2005 WL 1578810, at *14 (E.D. La. June 28, 2005). Therefore, due to Plaintiffs' counsel's a lack of billing judgment, evidenced by the inclusion of duplicative work within the bill, the Court will reduce the amount of attorneys' fees by 5%.

### 2. *Prevailing Hourly Rate*

Based on the motion and affidavit presented to the Court, the attorneys seek to be compensated at an hourly rate of $550 (Dkt. #82 at p. 4; Dkt. #82-1). Defendant contests the hourly rate requested. Defendant argues that Plaintiffs' counsel's rate of $550 is not sufficiently supported by evidence and is not reasonable for either the type of work or market (Dkt. #88 at p. 11). Specifically, Defendant argues that "Plaintiffs' counsel's affidavit alone is insufficient to establish the appropriateness of the fee" (Dkt. #88 at p. 11). Defendant also states that "Plaintiffs' failed to submit evidence of an appropriate rate in the relevant legal community" (Dkt. #88 at p. 12). Defendant contends that awards in other cases reflect Plaintiffs' requested fee is excessive and that a reasonable billing rate is approximately $350 for partners (Dkt. #88 at pp. 13-14). The Court agrees and finds that in the Eastern District, $350 per hour is a reasonable rate for partners in this type of case. Furthermore, Plaintiffs have not presented relevant evidence, other than Plaintiffs' counsel's own affidavit, that suggests otherwise. *See Whatley v. Creditwatch Servs., Ltd.*, No. 4:11-CV-493, 2014 WL 1287131, at *4 (E.D. Tex. Mar. 31, 2014)

(finding that $232.79 was a "reasonable and customary hourly rate for an attorney practicing consumer law in this region"); *Champion v. ADT Security Services, Inc.*, No. 2:08-cv-417-TJW, 2010 WL 4736908 (E.D. Tex. Nov. 16, 2010) (stating that the only evidence of $500 fee's reasonableness was counsel's own affidavit and finding that it was not sufficient and the appropriate fee was $350 per hour).

### 3. Calculating the Lodestar

Based on Plaintiffs' table of billable hours and the various reductions discussed by the Court above, the Court calculates the lodestar based on the table below.

Mr. Hughes: 118.2 hours[7] X $350/hour = $41,370
Mr. Hughes (Travel): 25 hours X $175/hour = $4,375
Mr. Ellzey: 197.7 hours[8] X $350/hour = $69,195
Mr. Ellzey (Travel): 18 hours X $175/hour = $3,150
Subtotal 1= $118,090

**5% reduction for unsuccessful claims = $5,904.50**
**Subtotal 2 = $112,185.5**
**5% reduction for lack of billing judgment[9] = $5,609.28**
**Lodestar = $106, 576.22**

## B.    THE *JOHNSON* FACTORS

In analyzing the *Johnson* factors, the Court finds that the requested fee is unreasonable. Plaintiffs argue that the Court should enhance the amount of attorneys' fees based on the Johnson factors (Dkt. #82 at p. 14).   However, the Court finds that the reduced fee under the lodestar analysis is reasonable.

### 1. Time and Labor

The time and labor required for this lawsuit was not excessive.

---

[7] Plaintiffs initially requested fees for 143.7 hours of work. The Court subtracted .5 hours for clerical work and 25 hours of travel time which must be billed at 50%.
[8] Plaintiffs initially requested fees for 218.7 hours of work.  The Court subtracted 3 hours for clerical work and 18 hours of travel time which must be billed at 50%.
[9] Reduction for lack of billing judgment "is calculated last, after any reductions from other factors."  *Coe*, 2011 WL 4356728, at *3.

### 2. *Novelty and Difficulty of Issues*

The Court has already considered this factor in determining the lodestar.

### 3. *Skill Required*

The Court has already considered this factor in determining the lodestar.

### 4. *Preclusion of Other Employment*

Plaintiffs argue that Plaintiffs' counsel devoted a substantial amount of their time to this case and that the they were precluded from working on class action lawsuits which are more lucrative for Plaintiffs' counsel's firm (Dkt. #82-1 at p. 8). However, preclusion of other employment is subsumed within lodestar amount and is not appropriate basis for enhancement of lodestar amount. *Heidtman*, 171 F.3d 1038 (5th Cir. 1999). The Court finds that preclusion of other employment is not a basis for adjusting the lodestar in this case.

### 5. *Customary Fee*

The Court has already considered this factor in determining the lodestar.

### 6. *Whether the Fee is Fixed or Contingent*

This factor cannot be considered in adjusting the lodestar.

### 7. *Time Limitations Imposed by the Client or Circumstances*

This factor is not applicable to the instant action.

### 8. *Amount Involved and Results Obtained*

The Court has already considered this factor in determining the lodestar.

### 9. *Experience, Reputation and Ability of the Attorneys*

The Court has already considered this factor in determining the lodestar.

### 10. *Undesirability of the Case*

The Court has already considered this factor in determining the lodestar.

***11.     Nature and Length of the Professional Relationship with the Client***

Defendant argues that "the fact that Geoffrion is related to Plaintiffs' counsel, [Mr.] Ellzey, suggests special scrutiny to the allegedly negotiated rate of $550 per hour." (Dkt. #88 at p. 18).   However, the Court has already found Plaintiffs' counsel's proposed rate to be unreasonable.  Therefore, further consideration of this factor is not necessary.

***12.     Awards in Similar Cases***

The parties cannot point to cases that have facts identical to the facts of this case.

The Court finds the analysis of the *Johnson* factors does not necessitate an adjustment of the lodestar.  Therefore, the Court finds that the lodestar analysis is reasonable and Plaintiffs are awarded attorneys' fees in the amount of $106,254.

**C.     CONDITIONAL APPELLATE ATTORNEYS' FEES**

Plaintiffs are also seeking recovery of conditional appellate attorneys' fees (Dkt. #82 at p. 17).  Plaintiffs request

> $30,000 in the event an appeal to the Fifth Circuit Court of Appeals is perfected by Nationstar and it is not successful on appeal; an additional $25,000 in the event Nationstar files a Petition for Writ of Certiorari to the U.S. Supreme Court and it is not successful with the appeal; and an additional $35,000 if the U.S. Supreme Court grants a Writ of Certiotati.

(Dkt. #82 at p. 17).   Plaintiffs maintain that the $90,000 is a "reasonable, necessary, and customary [fee] to be awarded in the event [Defendant] pursues an unsuccessful appeal." (Dkt. #82 at p. 17).   Defendant argues that Plaintiffs' requested conditional attorneys' fees are speculative and should be denied (Dkt. #88 at p. 18).  The Court finds that Plaintiffs' counsel has not produced sufficient evidence to support such an award.  Therefore, the Court will address this issue following the resolution of an appeal.  *Instone Travel Tech Marine & Offshore v. Int'l Shipping Partners, Inc.*, 334 F. 3d 423, 433 (5th Cir. 2003).  *See also Carroll v. Sanderson*

*Farms, Inc.*, No. H-10-3108, 2014 WL 549380, at *5 (S.D. Tex. Feb. 11, 2014) (declining to award conditional appellate fees before the appeal because the request "is merely a speculative dollar figure without any information by which the Court could determine whether the amount requested is reasonable"). Plaintiffs' request for conditional appellate fees is therefore denied.[10]

## C.    COSTS

Plaintiffs are also seeking recovery of various costs. "Specifically, Plaintiffs seek a total of $15,115.74 in non-taxable expenses, and $2,143.97 in taxable expenses." (Dkt. #82 at p. 16). The taxable expenses are for service of citation and deposition transcripts (Dkt. #82-1 at pp. 30-32, 36, 42). The non-taxable expenses are for "legal research, travel costs, and postage." (Dkt. #82 at p. 16).

Plaintiffs are seeking non-taxable costs recoverable under Federal Rule of Civil Procedure 54(d)(2). Rule 54(d)(2) provides that "[c]laims for attorneys' fees and related nontaxable expenses shall be made by motion unless the substantive law governing the action provides for the recovery of such fees as an element of damages to be proved at trial." Fed. R. Civ. P. 54(d)(2). Rule 54(d)(2) applies "to requests for reimbursement of expenses, not taxable as costs, *when recoverable under governing law* incident to the award of fees." *Mota v. Univ. of Tex. Hous. Health Sci. Ctr.*, 261 F.3d 512, 529 (5th Cir. 2001) (citation omitted). Therefore, whether or not Plaintiffs can recover these fees depends upon whether or not they are allowed under the statute. Plaintiffs have failed to point to any statutory authority for the award of such

---

[10] The above analysis also applies to Plaintiffs' request for post-trial fees of $53,000 for post-trial motions and proceedings (Dkt. #82 at p. 8). Plaintiffs' counsel provides no justification for post-trial fees and only mentions that amount once in their actual motion, and once in their proposed order (Dkt. #82-5). This is not sufficient, and therefore their motion for post-trial attorneys' fees is denied by the Court at this time. However, the Court will address this issue following the resolution of an appeal. *Instone Travel Tech Marine & Offshore*, 334 F. 3d at 433.

damages, and the Court finds no authority.[11]  Therefore, Plaintiffs may not recover for non-taxable expenses under Rule 54(d)(2).

Plaintiffs are also seeking recovery of $2,143.97 in taxable expenses.  Under Federal Rule of Civil Procedure 54(d), costs, other than attorney's fees, should be granted to the prevailing party.  Title 28, United States Code, Section 1920 sets forth which costs are taxable.  Section 1920 allows recovery of the following costs:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs for making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title [28 U.S.C. § 1923]; and

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title [28 U.S.C. § 1828].

28 U.S.C. § 1920.

The party seeking to recover costs has the burden of producing evidence properly documenting and establishing the costs incurred.  *Fogelman v. ARAMCO*, 920 F.2d 278, 285-86 (5th Cir. 1991); *Faculty Rights Coal. v. Shahrokhi*, No. H-04-2127, 2005 WL 1924192, at *1 (S.D. Tex. Aug. 10, 2005).  The district court has discretion to determine whether the prevailing party is entitled to an award of costs for claimed expenses.  *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987); *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1049 (5th Cir. 1998); *Conoco, Inc. v. Energy & Envtl. Int'l, L.C.*, No. Civ. A. H-01-4242, 2006 WL

---

[11] Additionally, Plaintiffs also failed to cite any applicable case law in support of their contention that non-taxable costs are recoverable in the current action (Dkt. #82 at pp. 16-17).

734396, at *1 (S.D. Tex. Mar. 22, 2006). In *Crawford*, the Supreme Court went on to hold that a federal court may refuse to tax costs in favor of the prevailing party. *Crawford*, 482 U.S. at 442. A court "may neither deny nor reduce a prevailing party's request for costs without first articulating some good reason for doing so." *Pacheco v. Meneta*, 448 F.3d 783, 794 (5th Cir. 2006) (citation omitted). The factors to consider in withholding costs include: (1) the losing party's limited financial resources; (2) misconduct by the prevailing party; (3) close and difficult legal issues presented; (4) substantial benefit conferred to the public; and (5) the prevailing party's enormous financial resources. *Id.* (citing 10 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2668, at 234 (1998)). The Fifth Circuit went on to note that "every case cited by Wright and Miller for this proposition denies costs on the basis of *both* the losing party's good faith *and* some other one or more of the factors listed above." *Id.* (citing to 10 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2668, at 238 (1998) (italics in original)). The Fifth Circuit further stressed that a losing party's good faith alone is insufficient to justify the denial of costs to the prevailing party. *Id.*

The taxable expenses sought by Plaintiffs are for service of citation and deposition transcripts (Dkt. #82-2 at pp. 30-32, 36, 42). Defendant does not dispute the categorization of these costs as taxable,[12] but instead appears to argue that they are not properly documented because they are lumped in with the non-taxable expenses and "[P]laintiffs have failed to provide any list or summary totals of their expenses in either their motion or affidavit[.]" (Dkt. #88 at p. 19). The Court finds that the Plaintiffs receipts provide sufficient documentation of the taxable expenses incurred.[13] Therefore, the Court awards Plaintiffs the $2,143.97 for taxable expenses.

---

[12] Although Defendant states that the $2,143.97 award that Plaintiffs seek is for "allegedly taxable expenses" Defendant makes no argument regarding why the costs are not properly categorized as taxable (Dkt. #88 at p. 19).
[13] Specifically, Plaintiffs provided a copy of the invoice and the 'service return' for Defendant's service which states that the service fee was $80 and Plaintiffs also provided a copy of the check they wrote (Dkt. #82-2 at pp. 30-32).

## CONCLUSION

It is therefore **ORDERED** that Plaintiffs' Amended Motion for Attorney's Fees, and Non-Taxable Expenses (Dkt. #82) is hereby **GRANTED IN PART AND DENIED IN PART**. Plaintiffs are awarded attorneys' fees in the amount of $106,254 and $2,143.97 for taxable costs.

**SIGNED this 12th day of May, 2016.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

---

Plaintiffs also provided a copy of an invoice for the reporting of Fay Janati's deposition for $1,368.30 as well as a copy of the check that they wrote for the reporting of the deposition (Dkt. #82-2 at p. 36). Lastly, Plaintiffs provided an invoice for $695.67 for the certified deposition transcripts of Danielle Geoffrion and Darren Kasmir as well as a copy of the check that they wrote for these deposition transcripts.