# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| DANIELLE GEOFFRION and <br> DARREN KASMIR <br><br> v. <br><br> NATIONSTAR MORTGAGE LLC | § <br> § <br> § <br> § <br> § <br> § <br> § | Case No. 4:14-CV-350 <br> Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiffs' Motion for Ruling on Objections to Accounting and Motion for Sanctions (Dkt. #97). After considering the relevant pleadings, the Court finds that Plaintiffs' Motion should be denied.

## BACKGROUND

In the parties' Joint Final Pretrial Order, Plaintiffs Danielle Geoffrion ("Geoffrion") and Darren Kasmir ("Kasmir") (together, "Plaintiffs") accuse Defendant Nationstar Mortgage LLC ("Defendant" or "Nationstar") of violating the Real Estate Settlement Procedures Act 12 U.S.C. ¶ 2605(e) ("RESPA") (Dkt. #64 at p. 2). Plaintiffs "also sued in equity to receive [an] accounting from Defendant." (Dkt. #64 at p. 2). Defendant denies that it violated RESPA and further alleges that "the accounting claim is not well-founded because there is no issue of sufficient complexity to justify relief per that claim." (Dkt. #64 at p. 3).

The trial began on September 9, 2015. On September 10, 2015, the jury rendered a verdict finding that Defendant violated RESPA (Dkt. #76). The jury verdict also stated that Plaintiffs were entitled to an accounting of the Account (Dkt. #76 at pp. 4-5).

On October 5, 2015, the Court issued an Order Setting Procedures for Delivery of Accounting (the "Order") (Dkt. #84). On October 12, 2015, Defendant filed its Notice of Filing

Verified Accounting (the "Accounting") (Dkt. #90).  On October 30, 2015, Plaintiffs filed Objections to Defendant's Verified Accounting (Dkt. #93).  On November 5, 2015, Defendant filed its reply in support of the Accounting (Dkt. #95).

On April 28, 2016, Plaintiffs filed their Motion for Ruling on Objections to Accounting and Motion for Sanctions (the "Motion") (Dkt. #97).  On May 16, 2016, Defendant filed its response to the Motion (Dkt. #101).

## ANALYSIS

Plaintiffs mention seven specific objections in the Motion.  Plaintiffs state that they "object to the following items because, for example, they do not contain or include 'a narrative explanation' of each payment and charge as required by the Court's Order." (Dkt. #93 at p. 1).

*Objection One*

Plaintiffs' first objection is to the 4/23/2013 entry, which states that "[p]ayment of $3,048.62 received and applied to suspense." (Dkt. #93 at p. 1). Plaintiffs object because "Defendant's accounting fails to explain why this payment was applied to suspense." (Dkt. #93 at p. 1).  The explanation provided by Defendant with this entry in the Accounting also states that the "[c]ontractual payment due was $5,530.95 (principal and interest of $2,908.42 and escrow of $2,622.53)" (Dkt. #90-1 at p. 7).

In Defendant's reply it explains that a payment of $5,530.95 was due at this point, and "[b]ecause $3,048.62 was not enough to make the December 1, 2012 payment, [the previous account servicer] placed the funds in suspense. The $3,048.62 was added to the $140.19 already in suspense, increasing the suspense balance to $3,188.81." (Dkt. #95 at pp. 2-3).  Defendant goes on to explain that "the deed of trust permits this application" and even includes an excerpt from the relevant part of the deed (Dkt. #95 at p. 3).  The Court finds that the Accounting, in

2

conjunction with Defendant's reply, adequately explains the entry that is the basis of Plaintiffs' first objection.

*Objection Two*

Plaintiffs' second objection is to the 5/28/2013 entry, which states that "[p]ayment of $6,097.24 received. $5,530.95 applied to the December 2012 payment. Remaining $566.29 applied to suspense." (Dkt. #97 at p. 1). Plaintiffs object because "Defendant's accounting fails to explain why payments were applied in this manner." (Dkt. #93 at p. 1).

In Defendant's reply it explains that "the amount of the next monthly payment due when plaintiffs paid $6,097.27 was the December, 2012 contractual payment of $5,530.95. Because the $6,097.24 was more than the amount necessary to make the December 1, 2012 payment, [the previous account servicer] applied $5,530.95 of the funds to the December, 2012 payment." (Dkt. #95 at p. 3). Defendant goes on to explain that "[t]he remaining $566.29 was added to the $3,188.81 already in suspense; increasing the suspense balance to $3,755.10." (Dkt. #95 at p. 3). The Court finds that the Accounting, in conjunction with Defendant's reply, adequately explains the entry that is the basis of Plaintiffs' second objection.

*Objection Three*

Plaintiffs' third objection is to the 7/22/2013 entry, which states that "[p]ayment of $3,048.62 received via wire from prior servicer with instructions to apply funds wholly to principal." (Dkt. # 93 at p. 1). Plaintiffs object because "Defendant's accounting fails to explain why payment was applied in this manner. Applying the entire payment to principal is contrary to the provisions of the Promissory Note." (Dkt. #93 at p. 1). In its reply, Defendant simply states that it "complied with the prior servicer's instructions." (Dkt. #95 at p. 3). The Court finds that

the Accounting, in conjunction with Defendant's reply, adequately explains the entry that is the basis of Plaintiffs' third objection.

*Objection Four*

Plaintiffs' fourth objection is to the 10/22/2013 entry, which states that "[p]ayment of $3,048.62 receive via wire from prior servicer with instructions to post the funds towards a payment. The funds were combined with $2,482.33 from suspense to complete the January 2013 payment." (Dkt. #93 at p. 1). Plaintiffs explain that they object because "[Defendant's] accounting fails to explain why payment was applied in this manner." (Dkt. #93 at p. 1).

Defendant explains this payment in even more detail in its reply when it states that "the amount of the next monthly payment due when plaintiffs paid $3,048.62 was the January, 2013 contractual payment of $5,530.95. Because $3,048.62 was not enough to make the January, 2013 payment, [Defendant] combined it with $2,482.33 from the suspense balance and made the January, 2013 payment." (Dkt. #95 at pp. 3-4). The Court finds that the Accounting, in conjunction with Defendant's reply, adequately explains the entry that is the basis of Plaintiffs' fourth objection.[1]

*Objection Five*

Plaintiffs' fifth objection is to the 10/23/2013 entry, which refers to a sum of $1,272.77 and states that "[s]uspense funds [were] returned to borrower via check #1935205." (Dkt. #93 at p. 2). Plaintiffs explain that they object because they "never received this check, and if it remains outstanding then it should be stopped and re-issued or counted toward any arrearage." (Dkt. #93 at p. 2). In its reply, Defendant states that it "will stop payment on this check, reissue

---

[1] In its response to Plaintiffs' Motion, Defendant explains further that the entries that are the basis for Plaintiffs' objections three and four "occurred during the "transition phase" following the transfer of the account from Bank of America to Nationstar, when Bank of America continued to receive payments and forward them to Nationstar for processing." (Dkt. #101 at p. 5). The Court finds that although Plaintiffs' might desire more detail concerning why the previous account servicer told Defendant to apply the payments in this manner Defendant is not in a position to explain why the previous account servicer told it to apply the payments in this manner.

4

the check, and deliver the new check to plaintiffs' counsel." (Dkt. #95 at p. 4). The Court finds that Defendant's reply adequately addresses the issue that is the basis of Plaintiffs' fifth objection.

*Objection Six*

Plaintiffs' sixth objection is "to entries containing 'late fees.'" (Dkt. #93 at p. 2). Plaintiffs list 24 separate entries where late fees were assessed (Dkt. #93 at p. 2). Plaintiffs explain that they object to these entries because Defendant provided "[n]o explanation justifying the late fees or 'waived' late fees. If a late fee was 'waived,' then does it mean a payment was received?" (Dkt. #93 at p. 2).

In its reply, Defendant states that "[t]he promissory note authorizes the assessment of late fees." (Dkt. #95 at p. 4). Defendant goes on to explain that

> Ms. Geoffrion agreed to pay a late charge of five percent (5%) of the overdue principal and interest payment every month in which the note holder failed to receive the full amount of any monthly payment by the end of fifteen (15) calendar days after its due\ date—i.e. if not received by the sixteenth day of the month.

(Dkt. #95 at p. 4). In regards to the waived fees, Defendant explains that "[n]othing in the note or deed of trust prohibits the lender from choosing not to assess a late charge or waiving a late charge." (Dkt. #95 at p. 4). Defendant also states that "[t]he lender's decision to waive a fee does not mean the lender received a payment from the borrower." (Dkt. #95 at p. 4 n. 12). The Court finds that Defendant's reply adequately explains the entries that are the basis of Plaintiffs' sixth objection.

*Objection Seven*

Lastly, Plaintiffs' seventh objection is "to entries containing inspection charges for $12 and $15." (Dkt. #93 at p. 2). Plaintiffs list 28 separate entries that included inspection charges

5

(Dkt. #93 at pp. 2-3). Plaintiffs explain that they object to these entries because "Defendant's accounting fails to explain the disparity in charges or the justification for the inspections." (Dkt. #93 at p. 2).

In its reply, Defendant states that "[t]he deed of trust authorizes the property inspections and resulting costs. Specifically, the lender or its agent may make reasonable entries upon and inspections of the property." (Dkt. #95 at p. 4). Defendant explains that "[i]f the borrower fails to perform the covenants and agreements contained in the deed of trust, the lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the property and rights under the deed of trust." (Dkt. #95 at p. 4). Defendant states that "the lender may charge fees for services performed in connection with the default, including property inspection fees." (Dkt. #95 at pp. 4-5). Defendant goes on to explain that

> each of the property inspection fees were applied to the loan on the date Nationstar paid the fee (not necessarily the date the inspection occurred) and at a time when Ms. Geoffrion was in default. Nationstar was authorized to charge the property inspection fee because Ms. Geoffrion had defaulted on the loan by failing to timely make the payments when due. Any difference in the amount of the inspection fees ($15 vs. $12) directly relates to the amount Nationstar was charged for the inspection.

(Dkt. #95 at p. 5). The Court finds that the Accounting, in conjunction with Defendant's reply, adequately explains the entries that are the basis of Plaintiffs' seventh objection.

*Sanctions*

In the Motion, Plaintiffs assert that Defendant did not fulfill the obligations set out in the Order. Plaintiffs point to the following excerpt from the Order:

> Nationstar's accounting will be a manually created payment history identifying and describing every payment, charge and disbursement associated with the account from the date of the origination of the loan through the trial. The accounting will include a narrative explanation of each payment, charge or disbursement, including, for example, why a payment was insufficient to make a monthly mortgage payment or when and why a payment was returned.

6

(Dkt. #84 at ¶ 2; Dkt. #97 at p. 3). Plaintiffs maintain that the language above demonstrates that "[t]he Court clearly contemplated a written explanation in report form as opposed to the spreadsheets of numbers Defendant previously provided." (Dkt. #97 at p. 3). Plaintiffs assert that the Accounting "appear[s] to have been generated by a computer upon the click of a mouse rather than compiled by a professional accountant intending to provide substantive meaning to the numbers. The document is not manually created." (Dkt. #97 at p. 4).

Defendant, however, provided the sworn affidavit of Taylor Pettigrew which demonstrates that the creation of the Accounting was sufficiently "manual" (Dkt. #101-1). Defendant states that "the payment data and transaction descriptions that comprise the Verified Accounting were entered into a Microsoft Excel spreadsheet by individuals at Nationstar, who then collaborated with counsel to ensure that the information provided complied with the Court's Order." (Dkt. #101 at p. 3 (citing Dkt. #101-1 at ¶ 3)). The Court finds that the procedure utilized by Defendant is a reasonable interpretation of the Court's Order. Therefore, the Court finds that the Accounting is in compliance with the Court's Order, and that the Accounting in conjunction with Defendant's reply, provides substantive meaning for the numbers provided.

Plaintiffs also maintain that their "fail to explain" basis for objecting to Defendants entries was appropriate given that the Order required Defendant to provide a narrative explanation (Dkt. #97 at p. 5). Plaintiffs admit that Defendant's reply, "attempts to explain the meaning of the numbers, certain allocations, and previously unexplained charges." (Dkt. #97 at p. 5). Plaintiffs also state that Defendant's reply contains "a semblance of the makings of a logical narrative explanation (albeit incomplete) setting forth the reasons for the allocation and existence of the numbers and the charges at a specific point in time" (Dkt. #97 at p. 5).

Defendant maintains that it added a narrative explanation where necessary (Dkt. #101 at p. 3). Defendant explains that "where the entries merely reflect that a "payment" was received, there is no further narrative because no explanation is required—and Plaintiffs have not objected to this." (Dkt. #101 at p. 3). The Court agrees, and finds that whatever deficiencies existed in the Accounting were remedied by Defendant's explanation in its reply.

Likewise, the Court disagrees with Plaintiffs' assertion that "Defendant's paltry responses in a reply brief do not excuse Defendant's initial failure to comply with the Order." (Dkt. #97 at p. 5). The parties' disagreement is over the amount of explanation necessary and constitutes "a legitimate, good faith dispute" about the scope of the Court's Order (Dkt. #101 at p. 7). Therefore, the Court finds that sanctions are not appropriate in the current case.

## CONCLUSION

It is therefore **ORDERED** that Plaintiffs' Motion for Ruling on Objections to Accounting and Motion for Sanctions (Dkt. #97) is hereby **DENIED**.

**SIGNED this 24th day of May, 2016.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE